E-FILED
Friday, 17 August, 2018  11:37:59 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES PALMER, | ) | Case No. 3:17-cv-03268-SEM-TSH |
| *Plaintiff, v.* | ) | |
| | ) | Hon. Sue E. Myerscough, |
| CITY OF DECATUR, TIM CARLTON, | ) | District Judge |
| ROGER RYAN, BRIAN BELL, ROGER | ) | |
| MORVILLE, MICHAEL APPLEGATE, | ) | Hon. Tom Schanzle-Haskins, |
| FRANK HUBBARD, JOE PATTON, | ) | Magistrate Judge |
| JEREMY WELKER, STEVE CHABAK, and | ) | |
| as-yet UNKNOWN OFFICERS OF THE | ) | |
| DECATUR POLICE DEPARTMENT, | ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | | |

### AGREED PROTECTIVE ORDER

Pursuant to Federal Rules of Civil Procedure 26(c) the Court finds:

A. The following words and terms are defined as follows for purposes of this Agreed Protective Order:

1. "Parties" shall mean Charles Palmer, Tim Carlton, Roger Ryan, Brian Bell, Roger Morville, Michael Applegate, Frank Hubbard, Joe Patton, Jeremy Welker, Steve Chabak, and the city of Decatur, and any additional party that this Court may subsequently recognize as subject to this protective order, and their attorneys.

2. "HIPAA" shall mean Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26, & 42 U.S.C. (2002).

3. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. C.F.R. §§ 160, 164 (2000).

4. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

5. When used in this Order, the word "document" or "documents" mean all written, recorded or graphic matter whatsoever, produced by any party or non-party pursuant to discovery pursuant to Federal Rules of Civil Procedure 33 and 34, subpoena, or by agreement, and deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

6. "Confidential Matter" shall mean employment, disciplinary, financial, medical, psychological, or other information that is of a sensitive or non-public nature regarding Plaintiffs, Defendants, non-party witnesses and non-party employees of the City of Decatur that may be subject to discovery in this action. "Confidential matter" includes, but is not limited to, personal and family information of the parties, including residential information, and the parties' student school records.

7. Further, this Order is intended by the parties to be applicable to, and to protect, any document or information already disclosed by any party which falls within the above definition of Confidential Matter.

B. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI and/or Confidential Matter.

1. The Parties shall be familiar with HIPAA and the Privacy Standards.

2. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI and/or Confidential Matter of parties and non-parties to or from other parties and non-parties.

C. The Parties will abide by the following terms and conditions:

1. The Parties will not use or disclose the PHI and/or Confidential Matter released in this proceeding for any other purpose or in any other proceeding.

2. The Parties will store all PHI while it is in their possession according to the Privacy Standards.

3. Within sixty (60) days of the termination of this proceeding, any party who wants the return of any PHI and/or Confidential Matter obtained during the course of this proceeding shall make a request in writing to the attorney who produced the PHI. If such a request is made, the requested material shall be produced during the course of this proceeding, including those portions of deposition exhibits containing Confidential Material, shall continue to be protected pursuant to the terms of this Protective Order after termination of this case. If the PHI or Confidential Matter is not timely returned, the producing party shall attempt in good faith to obtain the Confidential Matter, which shall include a request in writing. If the Confidential Matter is not then returned, the producing party may petition the Court to compel such return.

4. The individual pages of each document designated as Confidential Matter shall bear the following designation, or its equivalent:

**CONFIDENTIAL: DOCUMENT PRODUCED PURSUANT TO
PROTECTIVE ORDER ENTERED IN 17 CV 3268**

No document containing this "confidential" stamp or any identifying number shall be copied in whole or in part without the "confidential" designation appearing on the copy.

5. Before disclosing PHI documents and/or Confidential Matter to any persons involved in the litigation, including but not limited to, counsel, co-counsel, counsel's staff, expert, or consulting expert witnesses retained in connection with the litigation, counsel will be responsible for informing each such person that the documents or information containing PHI and/or Confidential Matter to be disclosed are confidential, to be held in confidence, are to be used solely for the purpose of preparing for this litigation and further, that these restrictions are imposed by a court order.

6. To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any Confidential Matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide, in writing, a specific category of information redacted (*e.g.*, social security number).

7. By this Protective Order, the discovering party does not waive its right to make application to the Court, with the proper notice, under the procedures set out by the Court or under applicable rules, to the responding party and other parties to the litigation, for a determination that any document designated as Confidential Matter produced by the responding party does not contain sensitive and nonpublic information, or that in certain circumstances the information should be released from the provisions of this Protective Order. If a dispute does arise concerning the propriety of designating particular documents as confidential, whether certain documents or information should be released from the provisions of this Protective Order, or concerning any other matter relating to the application of this Order, counsel shall attempt to resolve the dispute by agreement before asking the Court to resolve the dispute pursuant to the applicable Federal Rules of Civil Procedure. The standard relevant to this determination is that of "good cause" under Fed. R. Civ. P. 26(c), with the burden on the party attempting to designate the material as confidential.

8. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to any request for discovery on the basis of relevance, materiality, privilege, over breadth or any other recognized objection to discovery.

9. This Protective Order may be modified by further written stipulation signed by the Parties and/or by further order of this Court upon application to the Court with notice.

10. No restricted or sealed document is to be filed with the Clerk of the Court unless leave of court to file the particular document(s) is specifically obtained by the Court pursuant to the procedures in Local Rule 5.10.

DATED: August 17, 2018

ENTERED: s/ Tom Schanzle-Haskins

UNITED STATES MAGISTRATE JUDGE

4844-2745-4830, v. 1