# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS URBANA DIVISION

| | | |
|---|---|---|
| CHARLES PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-3268 |
| | ) | |
| CITY OF DECATUR et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

This matter comes before the Court on Plaintiff Charles Palmer's Motion to

Compel Responses to Interrogatories and Requests for Production (d/e 33) (Motion).

For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

On August 27, 1998, a man named William Helmbacher was found dead in his

apartment located in Defendant City of Decatur, Illinois (Decatur).  On September 22,

1998, Palmer was arrested and interviewed regarding the death of Helmbacher.  Palmer

was ultimately charged with murdering Helmbacher.  He was tried by a jury and

convicted in April 2000.  Palmer was sentenced to life in prison.  See Complaint, ¶¶ 14,

62, 81, 83.

In 2013, Palmer secured new DNA evidence.  Palmer filed a new petition for

post-conviction relief.  The Macon County, Illinois, State's Attorney's Office (State's

Attorney) confessed error and Palmer was granted a new trial.  On November 23, 2016,

the State's Attorney agreed to dismiss the charges against Palmer.  Palmer was released

from prison 18 years after his arrest in 1998.  <u>See</u> <u>Complaint</u>, ¶¶ 14, 90-97.

Palmer brings this action against Decatur and Defendants Tim Carlton, deceased;

Roger Ryan; Brian Bell; Roger Morville; Michael Applegate; Joe Patton; Frank Hubbard;

Jeremy Welker; and Steve Chabak (collectively the Individual Defendants).  The

Individual Defendants were police officers employed by the Decatur Police Department

who participated in the Helmbacher murder investigation (Investigation).  Palmer

alleges claims under 42 U.S.C. § 1983 for violations of his rights to due process in

violation of the Fourteenth Amendment, incorporating therein a claim for municipal

liability against Decatur under <u>Monell v. New York City Dept. of Social Services</u>, 436

U.S. 658 (1978); unlawful detention in violation of Palmer's constitutional rights; failure

to intervene to stop the violations of Palmer's constitutional rights; and conspiracy to

violate his constitutional rights.  <u>Complaint</u>, Counts I-IV.  Palmer also alleges

supplemental state-law claims for malicious prosecution, intentional infliction of

emotional distress; willful and wanton conduct; civil conspiracy; respondeat superior

liability against Decatur; and indemnification liability against Decatur under Illinois

law, 745 ILCS 10/9-102.  <u>Complaint</u>, Counts V-X.

On March 6, 2018, Palmer propounded his First Set of Interrogatories

(Interrogatories) and Requests for Production of Documents (Request for Production)

on all Defendants.  After a series of delays, Defendants responded to the Requests for

Production and Interrogatories in a series of responses from August 15, 2018 to

September 17, 2018.

Palmer wrote Defendants a letter detailing deficiencies that he found in the responses.  Defendants provided some supplements to the production, but Palmer and Defendants could not resolve their disagreements.  Palmer then filed this Motion.

Palmer asks the Court to order supplemental responses to Interrogatories 1-8, 10, 15, 16, and 20-22.   Palmer asks the Court to require Defendants to state that the documents produced constitute all documents responsive to Plaintiff's Requests for Production Nos. 2, 3, 5-12, 14-24, 26-33, 39, 40, 42, 56, and 57.  Palmer further asks the Court to require Defendants to state whether they have conducted a search for or produced documents in response to each of these requests.  Palmer further asks the Court to compel additional productions of documents responsive to Request for Production Nos. 17-21, 28, 31, 41, 50-53, and 55-57.

INTERROGATORIES

Interrogatory No. 1

Palmer propounded Interrogatory No. 1 to all Defendants:

> 1. Please identify all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action. This request includes but is not limited to those Persons listed in the Defendants' Rule 26 Initial Disclosures. For each Person with knowledge responsive to this interrogatory, please describe with particularity any categories of facts known by each such Person, including all categories of facts about which the Person may be competent to testify at trial. If this Interrogatory is answered by incorporating Documents, please state under oath whether there are any categories of facts known to any witness relating to the claims or defenses in this action that are not reflected in the documents upon which you rely; in the event you fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

Motion, Exhibit A, Interrogatories, Interrogatory No. 1.

Each Defendant responded,

ANSWER:     See Defendants' Initial Federal Rule 26(a)(1) Disclosure.

E.g., Motion, Exhibit D, Defendant Steve Chabak's Answers to Plaintiff's First Set of Interrogatories (Chabak Response), at 2.  Palmer complains that this response is incomplete.  The Court agrees.  This interrogatory asks for the identity of any individual who, to the best of each Defendant's understanding, has knowledge of facts that relate to claims or defenses in this action.  Rule 26(a) only requires Defendants to disclose individuals that the Defendants may use to support their claims or defenses, unless solely used for impeachment.  Fed. R. Civ. P. 26(a)(1)(A)(i).

Each Defendant must disclose any additional individuals not listed in the Rule 26(a) Disclosures who each Defendant understands may have knowledge of facts that relate to the claims or defenses in this action.  If any Defendant does not know of any additional individuals beyond those listed in the Defendants' Rule 26(a) disclosures, he, she, or it must so state.

Interrogatory No. 2

Palmer propounded Interrogatory No. 2 to all Defendants:

> 2. For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for losing, discarding, or destroying the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it. In answering this Interrogatory, please list all steps taken to discover documents that have been lost, discarded or destroyed, and the names of the individuals who took those steps.

Interrogatories, Interrogatory No. 2.  Each Individual Defendant responded:

> ANSWER:    Defendant is not aware of any documents requested in
> Plaintiff's discovery requests that have been lost, discarded or destroyed.

E.g., Chabak Response, at 3.  Defendant Decatur responded:

> ANSWER:    Defendant has not as of this time been able to find the
> personnel file of defendant Michael Applegate, former Decatur police
> officer.  Defendant is not aware of any other documents requested in
> Plaintiff's discovery requests that have been lost, discarded, or destroyed.

Motion, Exhibit N, Defendant City of Decatur's Answers to Plaintiff's First Set of

Interrogatories (Decatur Response), at 2.

Palmer complains that Decatur's answer is insufficient.  The Court agrees.

Decatur does not state whether its personnel have any information about the

circumstances under which Defendant Applegate's personnel file was lost, discarded,

or destroyed.  Decatur also states in its response to Interrogatory No. 13, now

designated as Interrogatory No. 20, below, that it does not have copies of all its written

policies and procedures for 1993-98.  Decatur must identity these documents in

response to this Interrogatory and state any information it has regarding the

circumstance under which such policies were lost, discarded, or destroyed.

Interrogatory No. 3

Palmer propounded Interrogatory No. 3 to all Defendants:

> 3. For any Affirmative Defenses pled in this matter, please describe
> the entire factual basis or bases supporting those defenses. The
> information sought by this Interrogatory is not a mere recitation of the
> statutory sections invoked. Plaintiff requests that you provide a detailed
> description of every fact and legal basis on which any defense, such as
> immunity, for example, is asserted so that Plaintiff may have the

opportunity to investigate by way of additional discovery requests. For instance, if there is any physical, documentary, or testimonial evidence which supports any such defense, please identify it specifically.

<u>Interrogatories</u>, <u>Interrogatory No. 3</u>.  Each Defendant responded:

ANSWER:    Defendants object to Interrogatory Number 3 as vague and ambiguous as to the "entire factual basis," "mere recitation," and "detailed description."  Defendants further object to this interrogatory as premature, overly broad, unduly burdensome and seeking information, theories, and strategies protected by the attorney-client and attorney work product privileges.

<u>E.g.</u>, <u>Chabak Response</u>, at 2.

Interrogatory 3 is a contention interrogatory that seeks the factual basis for all of the Defendants' affirmative defenses.  The Defendants object that the interrogatory is premature.  The Court agrees.  The Court may direct that such interrogatories need not be answered until designated discovery is complete, or until a pretrial conference or some other time.  Fed. R. Civ. P. 33(a)(2).  Palmer has the burden to show that he needs early answers to such interrogatories.  He "must do more than argue that it is entitled to understand the opposing party's factual theories."  <u>Medical Assur. Co., Inc. v. Weinberger</u>, 2011 WL 2471898 (N.D. Ind. June 20, 2011), at *6.  Palmer has failed to make a showing beyond a claim that he needs to understand the affirmative defenses. This is insufficient.  The Court directs Defendants to answer Interrogatory No. 3 at the close of all discovery.  A sufficient answer shall set forth a general statement of the legal and factual basis on which each defense rests and shall disclose any documents or other evidence not already produced in discovery that Defendants intend to use to prove each

defense.  See Scandaglia v. TransUnion Interactive, Inc., 2010 WL 317518, at *4 (N.D. Ill.

January 21, 2010).

Interrogatory No. 4

Palmer propounded Interrogatory No. 4 to all Defendants:

> 4. Please identify all Complaints that have ever been made against any of Officer Defendants relating to their roles as law enforcement officials (including Plaintiff's Complaint or any Complaints which presently remain pending), including but not limited to any and all internal affairs, intra- or inter-departmental, and citizen complaints alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment of evidence, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police misconduct. A complete answer to this Interrogatory will include, but is not limited to, the following information:
> (1)    the date of each Complaint;
> (2)    a detailed description of the nature of each Complaint;
> (3)    an identifying number of each Complaint; and
> (4)    how each Complaint was resolved, including any discipline imposed in connection with each Complaint.

> If you do not possess an identifying number of a particular Complaint, please investigate and obtain it.

Interrogatories, Interrogatory No. 4.

> Each individual Defendant except Applegate responded,

> Any such information is contained within my personnel file, which is produced as follows, [followed by the Bates Stamp numbers for the Defendant's personnel file.]

> In addition, defendant declines to produce any post prosecution records responsive to this interrogatory.  See privilege log.

 E.g., Chabak Response, at 3.

Defendant Applegate responded,

> I only remember getting a short suspension once for not wearing my hat.  I have no memory of any other complaints.

> In addition, defendant declines to produce any post prosecution records responsive to this interrogatory.  See privilege log.

<u>Motion</u>, Exhibit F, <u>Defendant Michael Applegate's Answers to Plaintiff's First Set of Interrogatories</u>, at 3.

Decatur responded:

ANSWER:  Any such information is contained within the individual defendants' personnel files, which are produced as follows:

| | |
|---|---|
| Roger Ryan | 4972 to 5304 |
| Jeremy Welker | 5305 to 5712 |
| Michael Applegate | No records found -2309 |
| Brian Bell | 2040 to 2577 |
| Steve Chabak | 2974-3531 |
| Frank Hubbard | 2532 to 4042 |
| Roger Morville | 4043 to 4418 |
| Joe Patton | 4419 to 4971 |
| Tim Carlton | 2578 to 2973 |

> In addition, defendant declines to produce any post prosecution records responsive to this interrogatory.  See Privilege Log.

<u>Decatur Response</u>, at 3-4.

Palmer asks the Court to order each individual Defendant to answer in detail based on each person's personal knowledge.  If the individual Defendants lack any personal knowledge beyond the information in the personnel files, Palmer wants each to say so under oath.  Palmer also asks the Court to overrule the claim of privilege as to post-prosecution personnel records responsive to this interrogatory.

The Court will not order the individual Defendants to provide detailed personal accounts of any disciplinary matters.  The interrogatory does not ask for such.  The interrogatory asks for specific detailed information about complaints, the kind of information in personnel files.  The individual Defendants' responses are sufficient, except with respect to the claims of privilege.  In addition, the Individual Defendants' responses are already under oath.  See Fed. R. Civ. P. 33(b)(3).

The Defendants asserted claims of privilege for responsive information about post-prosecution complaints.  The Defendants did not object in their responses on relevance grounds.  Defendants cite no authority for a privilege for personnel records. The Supreme Court cases cited, Connick v. Thompson, 563 U.S. 51 (2011) and Los Angeles County, California v. Humphries, 562 U.S. 29 (2010), say nothing about privileges for personnel files.  The Court is also not aware of such a privilege.  The Court finds that the personnel files are not privileged.

Defendants now argue that the post-prosecution complaints against the Individual Defendants are not relevant and impose an undue burden on the Individual Defendant.  The Court disagrees.  The post-prosecution complaints may be, or may lead to information, relevant to impeachment, and perhaps, to some pattern or practice of Decatur police officers.  The Court, therefore, orders the Defendants to produce the additional complaints, if any, against the Individual Defendants set forth in the Defendants' privilege log.  The documents are Confidential Material subject to the Agreed Protective Order (d/e 26).

<u>Interrogatory No. 5</u>

Palmer propounded Interrogatory No. 5 to all Defendants:

> 5. Have you had any Communication at any time regarding Charles Palmer, Douglas Lee, Ray Taylor and/or Joe Moyer with any agent of any other law enforcement agency (e.g., Illinois State Police, FBI, Macon County State's Attorneys' Office, etc.)? If so, for each such Communication please:
>   (a)   state with particularity the substance of the Communication;
>   (b)   identify every other Person involved in the Communication; and
>   (c)   provide the approximate date, time, and method (e.g., written, oral, etc.) of the Communication.

> If you intend to answer by reference to Documents, please state under oath that the documents contain all of the information responsive to this Interrogatory, and provide the relevant Bates Numbers.

<u>Interrogatories</u>, <u>Interrogatory No. 5</u>.

The Individual Defendants responded:

> ANSWER:   At various times during the prosecution of plaintiff, I may have had communications about the case with the prosecutors.  I have no specific knowledge at this time about such communications except for what may be contained in the police reports and prosecution related documents, produced as documents # 1-1080; 1109-1115; 1122; 1129-1386; 5713-6186.

<u>E.g.</u>, <u>Chabak Response</u>, at 4.

Decatur responded:

> ANSWER:   At various times during the prosecution of plaintiff, Decatur police officers may have had communications about the case with the prosecutors.  Defendant has no way of knowing about such communications except for what may be contained in the police reports and prosecution related documents, produced as documents # 1-1080; 1109-115; 1122; 1129-1386; 5713-6186.

Decatur Response, at 4.  The Defendants later supplemented the response by identifying the specific pages in the documents that reference each individual Defendant.

Palmer asks the Court to order each individual Defendant to answer in detail based on each person's personal knowledge.  If the individual Defendants lack any personal knowledge beyond the information in the personnel files, Palmer wants each to say under oath "that the documents reflect the full extent of their communications with the entities listed in the interrogatory."  Palmer also complains that the answer is insufficient because the Defendants do not answer the question, but only refer Palmer to specific documents.

The Court finds the response to be sufficient.  An Individual Defendant cannot recite what he does not remember from twenty years ago in 1998.  An Individual Defendant also cannot swear that he might not remember something in the future.  The response states that Defendants do not at this time remember anything beyond the information contained in the documents.  Those responses are under oath.  See Fed. R. Civ. P. 33(b)(3).  Those responses are sufficient.  Palmer can secure more precise recollections from the Individual Defendants through depositions and from Decatur through a Rule 30(b)(6) deposition.

The reference to documents is also sufficient.  Rule 33 provides that a party may respond to an interrogatory by reference to documents if the burden of deriving or ascertaining the answer from the documents will be substantially the same for either party.  Fed. R. Civ. P. 33(d).  That exists here.  The events occurred 20 years ago.  The Defendants state that they have no recollections beyond the information in the

referenced documents.  Palmer and his counsel can secure the information from the

documents as easily as the Defendants.  The answer by reference to the documents was

proper.  The Court will not compel any additional response to Interrogatory No. 5.

Interrogatory No. 6

Palmer propounded Interrogatory No. 6 to all Defendants:

> 6.      Please identify any and all criminal convictions of any party
> or witness with knowledge relating to any of the claims or defenses of this
> action. For each such responsive conviction, identify:
>> (a)      the person who has been convicted and the nature of
>> the conviction and
>> (b)      the complete factual basis as to why the conviction
>> qualifies as admissible under FRE 609.

> Please be advised that your duty to supplement your answer to this
> Interrogatory remains ongoing as discovery progresses, and that Plaintiff
> intends to move in limine to bar any references to convictions not
> identified in the manner requested.

Interrogatories, Interrogatory No. 6.

The Defendants responded:

> ANSWER:    The conviction records of any party or witness to the
> prosecution were disclosed almost 20 years ago during the prosecution.
> Defendant refers plaintiff to that record.  Otherwise, defendant has no
> idea what other information this question requests.

E.g., Chabak Response, at 4.

Palmer complains that the Defendants should respond to this interrogatory with

information based on each Defendant's personal knowledge rather than reference to

documents.  The Court disagrees.  The interrogatory asks information about criminal

convictions.  The information sought is in the records.  Reference to the records is

sufficient.  The Court will not order any additional response to this interrogatory.  The

Court notes, however, that the Defendants must under Rule 26(e) supplement their responses with any additional convictions of any party or witness that occurred after the original prosecution of Palmer, if the party has information that its response is incomplete or incorrect.

Interrogatory No. 7

Palmer propounded Interrogatory No. 7 to all Defendants:

7. Identify every Person who participated in any way in the Helmbacher Death Investigation. For each Person listed, please provide the dates of the Person's involvement in the investigation and describe the tasks and/or other duties that he or she performed. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your knowledge of Persons who participated in those activities is contained in the Documents that you reference.

Interrogatories, Interrogatory No. 7

Each Defendant responded:

ANSWER:    See documents referenced in response to #5.

E.g., Chabak Response, at 5.

Palmer asks the Court to order each individual Defendant to answer in detail based on each person's personal knowledge.  If the individual Defendants lack any personal knowledge beyond the information in the personnel files, Palmer wants each to say under oath "the sum total of your knowledge of Persons who participated in those activities is contained in the Documents that you reference."  Palmer also complains that the answer is insufficient because the Defendants do not answer the question, but only refer Palmer to specific documents.

The answer by reference to documents is proper under Rule 33(d) for the reasons set forth above at Interrogatory No. 5.  The Court, however, orders each Individual Defendant to supplement his response by stating any additional information each knows personally, or by stating that each has no knowledge of any additional information, beyond what is included in the documents.  This statement will be under oath pursuant to Rule 33(b)(3).  As explained at Interrogatory No. 3, an Individual Defendant cannot recite what he does not remember from twenty years ago in 1998, and cannot swear that he might not remember something in the future.  That kind of detailed information is better secured through a deposition.

Interrogatory No. 8

Palmer propounded Interrogatory No. 8 to all Defendants:

> 8. Do you contend that Charles Palmer committed any illegal act with respect to William Helmbacher? If so, please describe each alleged illegal act that you contend was committed by Mr. Palmer, provide the complete factual basis for your contention, and identify all evidence and witnesses upon which you may rely to support your contention.

Interrogatories, Interrogatory No. 8.

Each Defendant responded:

> I object to this Interrogatory Number 8 as I lack knowledge as to whether Plaintiff committed any illegal act with respect to William Helmbacher, since I was not present when he was murdered. Notwithstanding said objection, I believe there was probable cause to arrest Charles Palmer for the murder of William Helmbacher.

E.g., Chabak Response, at 5.

Palmer asks the Court to order Defendants to revise their answers by deleting the sentence regarding probable cause as non-responsive, "and to state whether they

believe that Plaintiff is guilty of the Helmbacher murder, and, if so, provide the factual basis for that belief."

The Court overrules the objection that each Defendant lacks personal knowledge. The Rules do not allow objections for lack of personal knowledge. See Fed. R. Civ. P. 26(b)(1) and (b)(2). Rather, if the party lacks personal knowledge, then the party should respond that the party does not know the answer. Despite the improper objection, the Defendants responded as part of their respective objections. The Defendants state that they do not know if Palmer murdered Helmbacher. That answer is sufficiently responsive. Should the Defendants change their position on this point, each Defendant must meet his or its obligation under Rule 26(e) to supplement each response to this Interrogatory. The Court agrees the reference to probable cause is superfluous. The comment on probable cause, however, is harmless and the Court will not order revisions to remove the comments. The responses to this Interrogatory, other than the erroneous objection, are sufficient and require no further response.

Interrogatory No. 10

Palmer propounded Interrogatory No. 10 to the Individual Defendants:

10. List and describe all activities you undertook in connection with the Helmbacher Death Investigation. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your personal knowledge and recollection regarding your activities is contained within in the Documents referenced.

Interrogatories, Interrogatory No. 10.

Each Individual Defendant responded:

ANSWER:    See documents referenced in response #5.

E.g., Chabak Response, at 6.

For the reasons set forth in the Court's discussion of Interrogatory No. 7, the

Court orders each Individual Defendant to supplement his response by stating any

additional information each knows personally, or stating that each has no knowledge of

any additional information at this time.  This statement will be under oath pursuant to

Rule 33(b)(3).

Interrogatory No. 15

Palmer propounded Interrogatory No. 15 to each Individual Defendant:

15. Have you ever been disciplined and/or placed on desk duty in connection with your employment for any police agency? If so, provide a description of each instance, including the date, underlying circumstances, and employer at issue.

Interrogatories, Interrogatory No. 15.

Each Individual Defendant responded:

ANSWER:    Any pre-prosecution information responsive to this question is contained in my personnel file, produced as Bates #s [appropriate Bates stamp page numbers for each Individual Defendant].

E.g., Chabak Response, at 7.

The Court ordered already the production of the additional complaint

information set forth on the Defendants' Privilege Log.  See discussion of Interrogatory

No. 4, above.  The same analysis applies to discipline that has occurred since the

original prosecution, so that information should be produced as well.  In addition, for

the reasons set forth in the Court's discussion of Interrogatory No. 7, the Court orders

each Individual Defendant to supplement his response by stating any additional

information each knows personally or stating that each has no knowledge of any

additional information at this time.  This statement will be under oath pursuant to Rule

33(b)(3).

Interrogatory No. 16

Palmer propounded Interrogatory No. 16 on each Individual Defendant:

16. For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

Interrogatories, Interrogatory No. 16.

Each Individual Defendant responded:

ANSWER:    I object in that the relevance of such information has not yet been established, and based on confidentiality and privacy interests.

E.g., Chabak Response, at 8.

The parties dispute whether Palmer is entitled to discovery of the Individual

Defendants' financial and net worth information.  The information is relevant and

discoverable.  See In re Aqua Dots Products Liability Litigation, 270 F.R.D. 322, 324-27

(7th Cir. 2010).  The Seventh Circuit cases cited by Defendants relate to federal claims

for punitive damages against corporations.  See Zazu Designs v. L'Oreal, S.A., 979 F.2d

499, 508 (7th Cir. 1992).  Palmer seeks punitive damages against individuals. The Zazu

Design Court stated that a natural person's net worth was relevant to determining the

appropriate amount of punitive damages, but not necessarily for corporation.  Id.  In

addition, Plaintiff seeks punitive damages under state law as well as federal law.  The
financial worth of the defendant is relevant to determining the amount of punitive
damages under Illinois law.  See Gambino v. Boulevard Mortgage Corp., 398 Ill.App.2d
21, 69, 922 N.E.2d 380, 425 (Ill. App. 1st Dist. 2009).  The information is discoverable.

The Court, however, must consider the burden on the Individual Defendants and
the needs of Palmer for this information at this time.  Financial information is relevant
to setting the amount of punitive damages, but is not relevant to liability or even
liability for punitive damages.  The information is personal and confidential.  In light of
these factors, the Court delays the Individual Defendants' obligation to respond to this
Interrogatory until after the resolution of dispositive motions.  Within 21 days after the
entry of an order by the District Court denying any Individual Defendant's dispositive
motion on at least one claim for which punitive damages may be recovered, each such
Individual Defendant must answer Interrogatory 16.  During this 21-day period, any
such Individual Defendant may file a motion for protective order if he believes that the
evidence presented at summary judgment indicates that punitive damages would not
be appropriate.  In this way, only Individual Defendants who are actually going to trial
will be required to produce this confidential information.  The answers to this
Interrogatory will be Confidential Material subject to the Agreed Protective Order.

Interrogatory No. 20

Palmer propounded Interrogatory No. 13, now designated as Interrogatory No.
20 by the parties, on Defendant Decatur:

13. Do you contend that the City of Decatur and/or the Decatur Police Department had in place in the period 1993 to 1998 a written policy or procedure that:

(a)    Required police officers or employees of the City of Decatur to document or memorialize developments in an investigation in such a way that they would become part of the official file as the investigation proceeded;

(b)    Required police officers or employees of the City of Decatur to place witness statements in the official file or otherwise make them available to criminal defendants and prosecutors;

(c)    Required police officers or employees of the City of Decatur to document or memorialize show-ups, photo arrays, or in-person lineups;

(d)    Required police officers or employees of the City of Decatur to disclose exculpatory evidence to suspects, criminal defendants, or prosecutors;

(e)    Required police officers or employees of the City of Decatur to preserve physical evidence, test of physical evidence, communicate with the Illinois State Police crime laboratories regarding physical evidence, or governed chain of custody for physical evidence;

(f)    Required police officers or employees of the City of Decatur to document or memorialize interrogations or interviews of suspects and witnesses, including but not limited to any requirement that police officers and/or employees retain notes of such interviews;

(g)    Governed the retention, destruction, writing, filing, and/or storing of police reports in the course of an investigation;

(h)    Governed the retention, destruction, writing, filing, and/or storing of notes taken in the course of an investigation;

(i)    Governed the conducting of photo or in-person lineups

(j)    Governed the conduct of police officers or employees of the City of Decatur during interrogations or interviews of suspects or witnesses?

If you contend that the City of Decatur or the Decatur Police Department had any such written policy or procedure in place, please identify each of the written policies or procedures by Bates number. In addition, please identify each and every policymaker or policymakers who were responsible for or who had final policymaking authority for those policies or procedures between from 1993 to 1998. To be clear, this Interrogatory seeks the identity of any and all such policymakers with final or delegated policymaking authority whose knowledge or actions the

Defendants will allege at summary judgment or trial is relevant to
Plaintiff's claims regarding the City of Decatur's liability.

Interrogatories, Interrogatory (now designated by the parties as No. 20).

Decatur responded:

ANSWER:    The defendant City of Decatur no longer has policy and
procedure documents from that period of time.  As such documents have
been revised and updated, the document that was changed was not
retained in the pre-amended form.  The current version of the policies are
produced as documents # 6186 to 7000.

Decatur Response, at 11.

Palmer asks for a more complete response.  The Court agrees.  The answer does

not indicate whether Decatur attempted to determine if any employee could identify

the differences between current policies and those from 1993 to 1998.  Long-time

employees or public officials may know such information, and they should be asked.

The Court orders Decatur either to provide the information or to state that, after inquiry

required by Rule 33, no employee can provide such information.

In addition, the Interrogatory asks for the identity of policy makers.  Decatur

does not answer that portion of the Interrogatory at all.  Decatur should be able to

identify the relevant individuals with the relevant final or delegated policy making

authority during the period from 1993 to 1998.  The Court orders Decatur to respond to

the last paragraph of the Interrogatory and identify all policy makers requested by

Interrogatory.

Interrogatory 21

Palmer propounded Interrogatory 14 (now designated as Interrogatory No. 21)

on Decatur:

> 14. Please identify and describe every instance (if any) between 1993 and 1998 in which the policymaker(s) identified in Interrogatory 13, above, undertook to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any of the policies or procedures identified in Interrogatory 14, above. Please include what steps, if any, were taken in response to the information obtained through any such inquiry, investigation, review or analysis, as well as the date such steps were taken.

Interrogatories, Interrogatory No. 14 and 15 (now designated as Interrogatories No. 21

and 22).

> Decatur responded:

> ANSWER:    Defendant City of Decatur objects to this request in that it is overly broad, vague, ambiguous, and non-proportional to the needs of the case.  The specific discipline instances involving the individual defendants are disclosed in the defendants' document production, as are the police policies in existence currently, many of which were in effect in some form during the time period requested.

Decatur Response, at 11.

Palmer propounded Interrogatory No. 15 (now designated as Interrogatory No.

22) on Decatur:

> 15. Please identify and describe any and all changes made between 1993 and 1998 to the City of Decatur's and/or the Decatur Police Department's policies, practices, and training programs relating to any of the policies or procedures identified in Interrogatory 13, above. For each such change, if any, please describe how the City of Decatur's and/or the Decatur Police Department's employees or agents were made aware of the changes identified above, including but not limited to how they were informed of the new policies and the dates on which all steps were taken to inform the police officers and/or employees of the policy change.

Interrogatories, Interrogatory No. 15 (now designated as Interrogatory No. 22).

    Decatur responded:

    ANSWER:    Defendant City of Decatur lacks knowledge sufficient to answer Interrogatory No. 22.

Decatur Response, at 12.

    The objection to Interrogatory No. 21 is overruled in part.  Palmer has put at issue Decatur's policies and practices in its police department, including the training of officers with respect to those policies.  The actions by policy makers to engage in the activities described by Interrogatory No. 21 during the five years prior to Palmer's arrest in 1998 are relevant, as well as all the activities described in Interrogatory No. 22.  Decatur states that it lacks knowledge regarding Interrogatory No. 22, but the policy makers may have such information, or may be able to identify individuals who have such information.

    The Court, in its discretion, determines that discovering the information directly from the policy makers (and individuals identified by policy makers) will be more effective and efficient, and therefore, better proportional to the needs of the case.  The Court already ordered Decatur to identify the policy makers in the discussion of Interrogatory No. 20, above.  If those persons so identified remain either public officials or Decatur employees, the Court orders Decatur to make them available to be deposed.  If such policy makers identify other public officials or employees of Palmer who may have personal knowledge responsive to Interrogatories No. 21 and 22, Decatur shall likewise make such individuals available to be deposed.  Palmer will need to subpoena

any policy maker (or individuals identified by policy makers) who no longer works for Decatur to depose them unless such individual agrees to be deposed voluntarily.  The Court gives leave to Palmer, pursuant to Rule 30(a)(2)(A)(i), to request that the depositions of such policy makers, and persons identified by such policy makers, be allowed in addition to the 10 depositions otherwise authorized by the rule.

<u>REQUEST FOR PRODUCTION</u>

<u>Verification of Completeness</u>

Palmer asks the Court to order the Defendants to state that the documents produced in response to Requests for Production Nos. 2, 3, 5-12, 14-24, 26-33, 39, 40, 42, 56, and 57 constitute all documents responsive to these requests.  Palmer further asks the Court to order the Defendants to state whether they conducted a search for or produced documents in response to each of these requests.

The Rules do not require such a certification under oath.  Parties are obligated to make a careful and thorough search for responsive documents and produce all responsive non-privileged documents.  <u>See</u> Fed. R. Civ. P. 34(b); <u>Novelty, Inc., v. Mountain View Marketing, Inc.</u>, 265 F.R.D. 370, 376 (S.D. Ind. 2009).  Palmer presents no evidence that the Defendants did not conduct such a search and produce the non-privileged responsive documents.  The Court, therefore, denies this request.  If Palmer has or discovers evidence that Defendants have not conducted the required search or produced all the responsive non-privileged documents, he may either renew this request or seek other relief available under the Rules and applicable law.

<u>Law Enforcement Investigatory Privilege</u>

Palmer asks the Court to overrule Defendants' claim of a law enforcement investigatory privilege for certain documents responsive to Requests for Production Nos. 17-21, 28, 31, and 34.  All of these requests seek documents related to Investigation or persons associated with Helmbacher or the circumstances related to his death. Defendants responded to each of these Requests for Production, except No. 34, with the same answer:

> RESPONSE:  Such documents, if any, in the defendants' possession would be included within the documents identified in #2 above.  Defendants object to any request for documents relating to any pending investigation.

<u>Motion</u>, Exhibit P, <u>Defendants' Response to Plaintiff's First Set of Requests for Production (Production Response)</u>, at 4-6.  The documents identified in response to Request for Production No. 2 are the same documents identified in the answer to Interrogatory No. 5, quoted above.

Defendants make no relevance objection to Production Requests Nos. 17-21, 28, and 31.  Defendants only object to producing information relating to a pending investigation.

Request for Production No. 34 stated:

> 34.     All Documents relating to any investigation that has taken place since 2010, to determine the cause or circumstances of the death of Helmbacher Death Investigation (sic) or the person or persons responsible for his death.

<u>Motion</u>, Exhibit B, <u>Plaintiff's First Set of Requests for Production</u>, Request for Production No. 34.

Defendant Decatur objected to Request for Production No. 34:

RESPONSE:  Defendant City of Decatur objects to any request for documents relating to any pending investigation, on the basis of the investigative privilege, the qualified privilege pursuant to the Illinois Freedom of Information Act, and that such a request is irrelevant, unduly burdensome, and not proportionate to the needs of the case.

Production Response, at 7.

Defendants assert that such information is not relevant and is privileged under the law enforcement investigatory privilege.

Documents in Decatur's investigation since 2010 of the Helmbacher death may have some marginal relevance.  Palmer's claims are based on the Defendants' actions in 1998, long before 2010.  Information related to the post 2010 investigations does not seem likely to prove or disprove Palmer's claims regarding events in 1998.  The documents could contain some information that the Defendants arguably should have found in 1998 but did not.  Such information may lead to admissible evidence regarding possible deficiencies in the 1998 investigation.  Such evidence may be relevant to Palmer's claims.  The Court, therefore, overrules the Defendants' relevance objections to documents in the subsequent investigations of Helmbacher's death.

Decatur also asserts that the law enforcement investigatory privilege protects the requested documents.[1]  The law enforcement investigatory privilege protects law enforcement efforts from harms that may arise from public disclosure:

---

[1] Palmer makes several arguments that the claim of privilege has been waived.  The Court, in its discretion, determines that the privilege will not be treated as waived.  The disclosure may interfere with non-parties' privacy interests.  The Court determines, under the current circumstances of this case, the validity of this privilege should be decided on the merits.

> The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

Lewis v. City of Chicago, 2004 WL 2608302, at *1 (N.D. Ill. November 16, 2004) (quoting

In re Dept. of Investigation of City of New York, 856 F.2d 481, 485 (2d Cir.1988)).  The

privilege is not absolute.  The privilege can be overridden if the litigant's need for the

material outweighs the presumption of the government's need for maintaining

confidentiality in criminal investigations.  The presumption against lifting the privilege,

however, is "pretty strong."  Dellwood Farms, Inc. v. Cargill, Inc., 128 F.3d 1122, 1125

(7th Cir. 1997).

Once challenged, Decatur bears the burden of proving its claim of privilege.

Generally, a party must "[specify] with particularity the information for which

protection is sought and explain why the information falls within the scope of the

privilege."  Lewis, 2004 WL 2608302, at *2 (quoting Hernandez v. Longini, 1997 WL

754041, *3 (N.D. Ill. November 13, 1997) (quoting Pontarelli Limousine, Inc. v. City of

Chicago, 652 F.Supp. 1428, 1431 (N.D. Ill. 1987))).

At the Court's request, the documents at issue were submitted to the Court for *ex*

*parte* review, which the Court has concluded.  Having reviewed the documents, the

Court finds the law enforcement investigatory privilege to have been properly asserted

and therefore upholds the objection.  In particular, protecting the documents before the

Court is necessary to safeguard the privacy of individuals involved in the investigation,

including those who may have been incorrectly suspected in the crime, and to prevent interference with the investigation.

Although Decatur produced the records for *ex parte* review, Decatur also must create and turn over to Plaintiff a privilege log of the information kept from Plaintiff. The obligation to produce a privilege log is mandatory.  Fed. R. Civ. P. 26(b)(5)(A). Decatur argues that the privilege log process is impractical because the log would need to be updated constantly, "if the investigation actually picked up steam." Defendants' Response to Plaintiff's Motion to Compel (d/e 35), at 7.  At this point, the investigation is mostly inactive, rendering constant updates unnecessary.  In light of this, the burden is minimal. The Court therefore orders Defendant Decatur to produce a privilege log to Plaintiff in accordance with Rule 26(b)(5)(A).  If the investigation "picks up steam," Decatur can file a motion requesting relief from this process, but for now, it must comply with the Rules of Civil Procedure.

Moreover, one document protected by the privilege includes a list of individuals and contact information.  To the extent these individuals and their corresponding information are responsive to any of the Plaintiff's other interrogatories and Decatur has not previously produced them, that information must be turned over to Plaintiff without regard for the assertion of privilege as it relates to this document.

Request for Production No. 50

Request for Production No. 50 seeks personal financial documents from the Individual Defendants.  For the reasons stated in the Court's discussion of Interrogatory No. 16 above, the objection to producing these documents is overruled in part.  The

Court delays the Individual Defendants' obligation to respond to this Request for
Production until after the resolution of dispositive motions.  Within 21 days after the
entry of an order by the District Court denying any Individual Defendant's dispositive
motion on at least one claim for which punitive damages may be recovered, each such
Individual Defendant must respond to Request for Production No. 50.  The documents
produced in response to this Request for Production will be Confidential Material
subject to the Agreed Protective Order.

Requests for Production Nos. 51 and 52

These Requests for Production seek the documents that Defendants disclosed on
their privilege log relating to complaints.  For the reasons stated in the Court's
discussion of Interrogatory No. 4 above, the Court overrules the claim of privilege and
directs the Defendants to produce these documents.  The documents so produced will
be Confidential Material subject to the Agreed Protective Order.

Requests for Production Nos. 55-57

These requests for production seek documents related to policies and procedures
of the Decatur police department from 1993 to 1998.  Decatur responds that it does not
have these documents.  Decatur supplemented one policy document from 1995 during
the parties attempt to resolve these disputes.  Palmer asks the Court to order Decatur to
produce the documents.  Palmer argues that these documents are directly relevant to
his municipal liability claims against Decatur.  The Court agrees that the documents are
clearly relevant.  Decatur, however, has clearly stated that it does not have such

documents.  The Court cannot order a party to produce documents that the party does not have.  Palmer's request to compel such production is denied.

Palmer may renew his motion if he has or discovers information that Decatur has such documents or had them at the time that it could have reasonably anticipated litigation in this matter.

The Court further determines in its discretion that each party should bear its costs, including attorney's fees, incurred in connection with this Motion.  Fed. R. Civ. P. 37(a)(5)(C).

THEREFORE, this matter comes before the Court on Plaintiff Charles Palmer's Motion to Compel Responses to Interrogatories and Requests for Production (d/e 33) is ALLOWED in part and DENIED in part.  Defendants shall provide the ordered supplements to their responses by February 8, 2019.  Defendant Decatur shall produce to Plaintiff by February 8, 2019, the privilege log in accordance with Rule 26(b)(5)(A) for documents withheld on the basis for its claim of law enforcement investigatory privilege.

ENTER:  January 29, 2019

s/ ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE