IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES PALMER,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF DECATUR, AMY M. WAKS, as Special Representative of the ESTATE of TIM CARLTON, ROGER RYAN, BRIAN BELL, ROGER MORVILLE, MICHAEL APPLEGATE, FRANK HUBBARD, JOE PATTON, JEREMY WELKER, STEVE CHABAK, and as-yet UNKNOWN OFFICERS OF THE DECATUR POLICE DEPARTMENT,<br><br>  Defendants. | No. 17-cv-3268<br><br>Judge Colin Stirling Bruce<br><br>Magistrate Judge Eric I. Long |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY RAY A. TAYLOR SHOULD NOT BE HELD IN CONTEMPT**

NOW COME Defendants, CITY OF DECATUR, ROGER RYAN, BRIAN BELL, ROGER MORVILLE, MICHAEL APPLEGATE, FRANK HUBBARD, JOE PATTON, JEREMY WELKER, and STEVE CHABAK, ("Defendants"), by and through their attorney, Thomas G. DiCianni and the law firm of ANCEL, GLINK, P.C., and for their Response to Plaintiff's Motion for Order to Show Cause Why Ray A. Taylor Should Not Be Held In Contempt, filed February 13, 2019 (Dkt. 56), state the following:

1.  This § 1983 case arises from the investigation, prosecution, and conviction of Plaintiff for the murder of William Helmbacher, which occurred in 1998. (Dkt. 43). Plaintiff alleges claims for violations of his due process rights under the Fourteenth Amendment, violation of his Fourth Amendment rights, and conspiracy to commit same, among various other claims. (*Ibid*.).

2.     On February 13, 2019, Plaintiff filed a Motion for Order to Show Cause why Ray A. Taylor Should Not Be Held in Contempt ("Motion"). In his Motion, Plaintiff states that on January 26, 2019, Plaintiff personally served Ray A. Taylor ("Taylor") with a subpoena for his deposition, which deposition was scheduled to occur on February 4, 2109, and Taylor failed to appear for that deposition. (Motion, ¶¶ 3, 4).

3.     To be clear, Defendants do not object to Plaintiff taking of the deposition of Taylor or to an order to show cause why Taylor should not be held in contempt for failing to appear for his deposition, if Plaintiff can show sufficient grounds for that relief. However, Defendants object to Plaintiff's representation of certain "facts," which are gratuitously stated in his Motion.

4.     In his Motion, Plaintiff states: "Mr. Palmer spent 18 years in prison for a murder DNA evidence now shows he did not commit." (Motion, ¶ 1). Defendants object to Plaintiff's characterization of the strength of that DNA evidence. Plaintiff's Amended Petition for Certificate of Innocence under 735 ILCS 5/2-702 was recently denied by the Circuit Court of Illinois, Macon County, in the case entitled *People of the State of Illinois v. Charles B. Palmer*, Case No. 99-CF-139; a true and correct copy of the Court's February 14, 2019 order denying Plaintiff's Petition is attached hereto as **Exhibit A**.

5.     DNA evidence does not establish that Plaintiff did not commit the murder and/or otherwise participate in or witness the murder. "The DNA returned from Mr. Helmbacher's [the murder victim's] fingernail and the hair strands held in Mr. Helmbacher's hand excluded Mr. Palmer as a contributor to this DNA." (**Exh. A**, ¶ 15). The DNA evidence simply indicates that Plaintiff was not the contributor to the DNA found in Mr. Helmbacher's fingernail and the

strands of hair found at the scene. The absence of Plaintiff's DNA in these sources does not equate to his not committing, participating in, or witnessing the murder.

6. Defendants further object to Plaintiff's assertion that "Taylor cooperated with Defendants to falsely implicate Mr. Palmer as the perpetrator of the murder, and he has knowledge of the tactics Defendants used to procure his false statement." (Motion, ¶ 1). Defendants object to Plaintiff's representation that they "falsely implicated" Plaintiff, and that they utilized "tactics" to obtain a "false statement" from Taylor. (*Ibid.*).

7. Defendants object to Plaintiff's representation of "[t]his false identification." (*Ibid.*). Defendants further object to Plaintiff's representation that the statement and/or trial testimony of Taylor "was one of only two pieces of evidence Defendants used to secure Plaintiff's wrongful conviction." (*Ibid.*). Defendants object to Plaintiff's representation that Taylor's trial testimony was "false," that there were "only two pieces of evidence" utilized to sustain the conviction of Plaintiff, and that Plaintiff sustained a "wrongful conviction." (*Ibid.*).

8. Defendants have denied and continue to deny Plaintiff's allegations as contained in his Second Amended Complaint (Dkt. 43) and as made throughout this litigation, including but not limited to any allegations of fabricating evidence or coercing false statements from witnesses. (Dkt. 50).

9. Further, Defendants note that the investigation of the murder of William Helmbacher remains an open and active investigation. Taylor was considered a suspect during the early stages of the investigation and was never charged with any crimes in connection with the murder of Mr. Helmbacher.

10. As such, should this Court grant Plaintiff's Motion or otherwise enter an order compelling the deposition of Taylor, Defendants respectfully request that the Court allow for a process by which Taylor be:

(a) fully advised of his rights, constitutional and/or otherwise, vis a vis his deposition in this case; and

(b) fully advised to seek advice from and/or obtain counsel prior to appearing for a deposition in this case.

WHEREFORE, as referenced above, Defendants note for the record their objections to Plaintiff's Motion for Order to Show Cause, request that this Court, should it compel Taylor to appear for his deposition, advise Taylor of his constitutional rights as indicated above, and for all other relief this Court deems proper and just.

Ancel, Glink, P.C.

By: _____
Thomas G. DiCianni

Thomas G. DiCianni / ARDC # 03127041 / tdicianni@ancelglink.com
ANCEL, GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHARLES PALMER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DECATUR, AMY M. WAKS, as Special Representative of the ESTATE of TIM CARLTON, ROGER RYAN, BRIAN BELL, ROGER MORVILLE, MICHAEL APPLEGATE, FRANK HUBBARD, JOE PATTON, JEREMY WELKER, STEVE CHABAK, and as-yet UNKNOWN OFFICERS OF THE DECATUR POLICE DEPARTMENT,<br><br>Defendants. | No. 17-cv-3268<br><br>Judge Colin Stirling Bruce<br><br>Magistrate Judge Eric I. Long |

**CERTIFICATE OF SERVICE**

I certify that on February 25, 2019, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY RAY A. TAYLOR SHOULD NOT BE HELD IN CONTEMPT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Jonathan I Loevy / jon@loevy.com
Rachel Elaine Brady / brady@loevy.com
Steven Edwards Art / steve@loevy.com
Alison R. Leff / Alison@loevy.com
Lis Troyer / troyer@loevy.com
LOEVY & LOEVY / 3rd Floor
311 North Aberdeen St
Chicago, IL 60607

John T Robinson / jrobinson@decaturil.gov
CITY OF DECATUR
#1 Gary K Anderson Plaza
Decatur, IL 62523
Jerrold H. Stocks

5

        101 S. State Street / Suite 240
        Decatur, IL  62523
        jstocks@decatur.legal

    /s/  Thomas G. DiCianni
    THOMAS G. DiCIANNI / ARDC# 03127041
    One of the attorneys for Defendants

    ANCEL, GLINK, P.C.
    140 South Dearborn Street, Sixth Floor
    Chicago, Illinois 60603
    Telephone:	(312) 782-7606
    Facsimile:	(312) 782-0943
    E-Mail:	tdicianni@ancelglink.com