E-FILED
Wednesday, 03 April, 2019  03:08:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

CHARLES PALMER,

      Plaintiff,

v.                                                    Case No. 17-3268

CITY OF DECATUR, et al.,

      Defendants.

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion For Order to Show Cause Why Ray Taylor Should Not Be Held in Contempt for his failure to appear at his deposition.

The Court certifies the following facts in accordance with 28 U.S.C. 636(e):

On January 26, 2019, Plaintiff served Ray Taylor a subpoena compelling him to provide testimony at a deposition scheduled for February 4, 2019 in Decatur, Illinois. (d/e #56, Ex. 1). Mr. Taylor returned the witness check in the mail the following week, on approximately January 29 (d/e # 72), and did not appear for his deposition.

On February 13, 2019, Plaintiff filed a Motion for Order to Show Cause Why Ray A. Taylor Should Not Be Held In Contempt arising from his failure to appear at the deposition. (d/e # 56). Plaintiff served Mr. Taylor with a copy of the Motion on February 23, 2019. (d/e #58). Mr. Taylor did not respond to the motion.

This Court granted the motion on March 8, and issued an order for rule to show cause, scheduling a hearing on the motion for March 25, 2019. The order required,

1

among other things, that Plaintiff serve Mr. Taylor "with adequate notice of the show cause hearing, including the time and place of the hearing, along with a copy of this Order." (d/e # 67 at 4).

On March 14, 2019, Plaintiff served Mr. Taylor with a copy of the order by leaving it, along with a cover letter (Ex. 1 to d/e #70), in the door of his home. (*See* Brady Aff., Ex. 2 to d/e #70). The following day, an investigator from Plaintiff's attorneys' office confirmed with Mr. Taylor's father, Robert Taylor, that Mr. Taylor received both the letter and the order. (*See* Tyler Aff., Ex. 3 to d/e #70.)

This Court held a hearing on the Order as scheduled. Mr. Taylor again failed to appear.

## Legal Standard

Subpoenas are not suggestions. "An ordinary witness who fails to appear for the taking of his or her deposition after being subpoenaed is guilty of contempt." 8A Wright & Miller, § 2107 at 59 (2nd ed., West, 1994). Under the Federal Rules of Civil Procedure, a court may hold in contempt "a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." FED R. CIV. P. 45(g).

Contempt may be either civil or criminal. Civil contempt is designed to compel an action and compensate the parties for losses resulting from non-compliance. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947). Criminal contempt, in contrast, is designed to punish prior disobedience. *Gompers v. Buck's Stove and Range Co.*, 221 U.S. 418, 450 (1911). Parties can potentially be held in both civil and criminal contempt. *Grove Fresh Distributors, Inc. v. John Labatt Ltd.*, 888 F. Supp 1427, 1449 (N.D. Ill.

2

1995) (finding defendant in criminal and civil contempt for failing to appear before district court.)

For now, this case is one of civil contempt. Civil contempt is authorized by 28 U.S.C. § 1826(a). Generally, "[a] district court has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions. Its determinations will not be disturbed absent a clear showing of abuse of discretion or if clearly erroneous." *Cannon v. Loyola University of Chicago*, 676 F. Supp 823, 828 (N.D. Ill. 1987)(internal citations omitted).

The remedy may include imprisonment. 28 U.S.C. § 1826(a) states that "[w]henever a witness in any proceeding before or ancillary to any court ... refuses without just cause shown to comply with an order of the court to testify ... the court ... may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony...." The period of the confinement is limited to the lesser of eighteen months, or the life of the court proceeding. *Id.*

A court also may impose fines as a civil contempt sanction as long as those fines are intended to compel compliance with the court's orders rather than punish disobedience. *E.g. International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 823 (1994). The court may also impose remedial sanctions to compensate a party for losses sustained due to the contemptor's disobedience. *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir.2001). Such sanctions may include attorney's fees. *In re Establishment Inspection of Microcosm*, 951 F.2d 121, 121 (7th Cir. 1991).

A finding of civil contempt requires: "(1) that the court entered a lawful order of reasonable specificity; (2) the order was violated." *Grove Fresh*, 888 F.Supp 1436 (*quoting In re Betts*, 927 F.2d 983, 986 (7th Cir. 1991)). The specificity of an order is a "question of fact to be resolved with reference to the context in which the order is entered and the audience to which it is addressed." *Id.* at 1438. To avoid contempt, the defendant may come forward with evidence to establish his inability to comply or simply comply with the court order. The elements of civil contempt must be established by clear and convincing evidence. *Grove Fresh*, 888 F.Supp at 1436.

## Recommendation

In this case, Mr. Taylor has failed to comply with both the subpoena and the Court's subsequent order enforcing it. The subpoena and the Court's order to appear and show cause specifically indicated the time and place that Mr. Taylor was to appear personally. Those citations and orders were clearly violated when Mr. Taylor failed to appear.

The authority of a Magistrate Judge to find and punish contempt is governed by 28 U.S.C. § 636(e). In this case, which is before this court on a referral from the District Judge and in which the allegedly contemptuous conduct did not occur directly before this Court, this Court cannot enter the order finding and punishing contempt, but must make a report and recommendation to the District Judge.

Thus, this court respectfully recommends the following:

1) that the facts demonstrate clear and convincing evidence that Ray A. Taylor is in contempt of a court order, namely the subpoena requiring his deposition

4

appearance on February 4, 2019 and the March 8, 2019 Order to Show Cause;

2) that, to compel Mr. Taylor's testimony in this case, Ray A. Taylor be fined $25 for every day that he fails to comply with the outstanding subpoena for deposition, beginning to accrue on April 30, 2019;

3) that Ray A. Taylor be allowed to avoid the accrual of daily fines by submitting to a deposition as required by the prior subpoena and Court Order;

4) that, if necessary, Ray A. Taylor appear before United Stated District Court Judge Colin S. Bruce, at 201 S. Vine St., Urbana, Illinois 61802, Courtroom A, on April 30, 2019, at 2:30 P.M., and show cause why he should not be held in contempt.

Plaintiff is directed to serve a copy of this Order on Ray A. Taylor on or before April 13, 2019. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served on Mr. Taylor. FED. R. CIV. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation.

Mr. Taylor may avoid fines by contacting Plaintiff's counsel, Alison Leff, at 312-357-5414, or alison@lovey.com, on or before April 29, 2019, to voluntarily reschedule his deposition for a mutually agreeable time and date. Ms. Leff shall notify the Court if Mr. Taylor schedules a deposition with her.[1]

---

[1] If Mr. Taylor schedules a deposition but fails to appear for that deposition, the Court recommends that fines be assessed dating back to April 30, 2019.

**MR. TAYLOR IS ADMONISHED THAT HIS FAILURE TO ABIDE BY THIS COURT'S ORDERS MAY RESULT IN A WARRANT BEING ISSUED FOR HIS ARREST FOLLOWED BY POSSIBLE IMPRISONMENT.**

ENTERED this 3rd day of April, 2019.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE