**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| CHARLES PALMER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:17-cv-03268 |
| | ) | |
| v. | ) | Hon. Colin Stirling Bruce |
| | ) | |
| CITY OF DECATUR et al., | ) | Hon. Eric I. Long |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S
OPINION ON MOTION TO RECONSIDER AND MOTION TO COMPEL**

Defendants' opposition to Plaintiff's appeal rests on several misrepresentations of the record and the relevant law. None of Defendants' arguments provides a basis for denying the appeal. This Court should reject Defendants' assertion of the law enforcement privilege and order them to produce responsive documents under the protective order in place in this litigation.

**I.      Defendants Are Incorrect About the Procedural History**

First, in arguing that Plaintiff's appeal of the Court's ruling on his motion to compel is untimely (ECF No. 84, the "Opposition," at 2), Defendants ignore that Plaintiff moved for an extension of that deadline and leave to file a consolidated appeal of the Court's rulings on the motion to compel and motion to reconsider (ECF No. 77); this Court expressly reminded Defendants of their ability to respond to that request (5/6/19 Text Order); and *Defendants filed a notice that they did not object to the extension* (ECF No. 82). In particular, Defendants' notice stated: "defendants do not object to an extension of time for the plaintiff to file his objection to the opinion on the Motion to Compel." (*Id.*) Accordingly, the Court granted Plaintiff's motion and gave him leave to file a consolidated appeal of the Court's initial report and recommendation and its denial of Plaintiff's motion to reconsider. (5/7/19 Text Order.) Defendants cannot now

argue that Plaintiff's appeal is untimely. Plaintiff has appealed both the Magistrate Judge's initial order and its order denying reconsideration, and both are properly before this Court.

Second, Defendants argue incorrectly that, before his appeal, Plaintiff didn't "develop any meaningful argument regarding [Defendants'] failure to provide an affidavit" supporting their reliance on the law enforcement investigatory privilege. (Opp'n 9.) But Plaintiff's motion to compel argued at length and with copious case law citations that Defendants waived their ability to invoke the privilege by failing to produce a privilege log and "an affidavit from a responsible official explaining why the so-called law enforcement investigatory privilege should apply to the documents withheld . . . ." (ECF No. 33 at 12; *id.* at 11–13.) And Plaintiff renewed that argument in his motion to reconsider. (ECF No. 64 at 12–14 (arguing Defendants "failed to meet the threshold legal requirement to avoid disclosure" by "fail[ing] to attach an affidavit setting out the particular information they must protect and the specific risk DPD faces from disclosure").) Defendants' waiver is particularly important in this instance because it demonstrates that no law enforcement authority is willing to come forward and state that there is an ongoing investigation with which discovery in this case might interfere. Instead, Defendants are invoking the privilege tactically, and improperly, to prevent full discovery in this civil litigation.

## II.     Defendants Apply the Wrong Legal Standard[1]

Defendants' argument that Plaintiff's appeal should be denied as moot because some of the documents Plaintiff seeks were already produced by the State's Attorney's office finds no support in the law. (Opp'n 7–8.) Defendants are obligated to produce "discovery regarding any nonprivileged matter that is relevant to any party's claim and proportional to the needs of the

---

[1] Defendants begin by arguing Plaintiff may "file and serve objections, not an appeal." (Opp'n 3; *id* at 3, 5 (referring to filing as a "so-called Appeal").) Defendants appear to have overlooked Local Rule 72.2, entitled "Appeal of Non-Dispositive Matters," which provides: "Any party may *appeal* from any order of a magistrate judge within 14 days after service of the order appealed from." Local Rule 72.2 (emphasis added). Under the local rule, Plaintiff's appeal is both procedurally proper and correctly styled.

case," notwithstanding that information may already have been produced by another party. Fed. R. Civ. P. 26(b)(1). "Mootness" is not a recognized basis for withholding or failing produce documents under the Federal Rules, and Defendants do not cite any rule or authority to the contrary. Defendants possess documents responsive to Plaintiff's discovery requests that they have not turned over and that the State's Attorney has not produced. The State's Attorney's production does not provide a legal basis for excusing Defendants from producing noncumulative, relevant information.

Defendants also attempt improperly to shift the burden by arguing Plaintiff was required to "request" an affidavit from Defendants supporting their privilege assertion. (Opp'n 9.) That is not what the law requires. As the cases demonstrate, Defendants bear the burden of providing a detailed affidavit to meet the requirements for invoking the privilege in the first place. (*See, e.g.,* ECF No. 64 at 12–14 (collecting cases holding assertion of privilege requires detailed affidavit).)

Defendants' related argument that they were not required to submit an affidavit to support their privilege assertion because the Court reviewed documents *in camera* (Opp'n 9–12) ignores the clear mandate of that precedent. Worse, Defendants' argument subverts the logic underlying the requirement. The very purpose of the affidavit is to prove that law enforcement genuinely believes disclosing information about an ongoing investigation would create a risk. The affidavit thus ensures law enforcement officials provide evidence before asserting a privilege. The fact that the Court reviewed *in camera* a small portion of the documents Defendants have withheld does not absolve Defendants of this burden.

Moreover, Plaintiff's case illustrates the prudence of the affidavit requirement. Here, the Court accepted Defendants' representation that the documents they provided to the Court *in camera* had to be kept secret "to safeguard the privacy of individuals involved in the

investigation." (ECF No. 51.) But the Macon County State's Attorney later produced those same documents with no confidentiality designation, showing there was in fact no need to keep the individuals' identity secret. Defendants' failure to provide the required affidavit thus put the Court in the untenable position of guessing at law enforcement's needs. In fact, there is no need for confidentiality in this instance, as is plainly shown by the State's Attorney's decision to provide all the requested documents without asserting any privilege or even marking the documents as confidential. Defendants have not provided the required affidavit because there is no basis for a law enforcement official to sign such an affidavit. At any time in the seven-and-a-half months this issue has been pending, Defendants could have provided such an affidavit. The fact that they instead argue the issue is moot demonstrates their assertion of privilege is not well-founded.

## CONCLUSION

For the foregoing reasons and the reasons set out in Plaintiff's motion to compel (ECF No. 33), motion to reconsider (ECF Nos. 63, 64), and appeal (ECF Nos. 78, 79), Plaintiff respectfully requests the Court overrule Defendants' assertion of the law enforcement investigatory privilege.

Dated: May 30, 2019    Respectfully submitted,

CHARLES PALMER

By: _s/ Alison R. Leff_
    One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Steven Art
Rachel Brady
Alison R. Leff
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Fl.

>Chicago, Illinois 60607
>(312) 243-5900
>alison@loevy.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, I filed the foregoing document using the Court's CM/ECF system, which effected service on all counsel of record.

>*s/ Alison R. Leff*