*Palmer v. City of Decatur, et al.*
17 cv 3268

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CHARLES PALMER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF DECATUR, AMY M. WAKS, as Special Representative of the ESTATE of TIM CARLTON, ROGER RYAN, BRIAN BELL, ROGER MORVILLE, MICHAEL APPLEGATE, FRANK HUBBARD, JOE PATTON, JEREMY WELKER, STEVE CHABAK, and as-yet UNKNOWN OFFICERS OF THE DECATUR POLICE DEPARTMENT, <br><br> Defendants. | No. 17-cv-3268 <br><br> Judge Colin Stirling Bruce <br><br> Magistrate Judge Eric I. Long |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S OPINION ON MOTION TO RECONSIDER AND MOTION TO COMPEL**

NOW COME Defendants, CITY OF DECATUR, ROGER RYAN, BRIAN BELL, ROGER MORVILLE, MICHAEL APPLEGATE, FRANK HUBBARD, JOE PATTON, JEREMY WELKER, and STEVE CHABAK, ("Defendants"), by and through their attorneys, Thomas G. DiCianni and Ellen K. Emery and the law firm of ANCEL, GLINK, P.C., and for their Sur-Reply in response to Plaintiff's Reply ("Reply") (Dkt. 86-1 / 88) filed May 31, 2019, and in support of their Opposition to Plaintiff's Appeal (Dkt. 84) filed May 21, 2019, state as follows:

    **I.**    **Defendants' Argument regarding the Procedural History is Correct, as can be Seen from the Record.**

Plaintiff argues in his Reply that Defendants argue that his "appeal of the Court's ruling

2

on his motion to compel is untimely." (Dkt. 88, at 1). This argument by Plaintiff is a non-issue or a red herring. Defendants do not dispute that Plaintiff moved for, unopposed, and was granted an extension of time to file his appeal. However, Plaintiff misses the point of Defendants' argument. As can be clearly seen from the record, Plaintiff filed no objection or appeal, or a request for an extension of time within which to do so, of the Magistrate Judge's (the "Judge") January 29, 2019 ruling on Plaintiff's motion to compel (Dkt. 51). To preserve an objection or appeal of the Judge's ruling on Plaintiff's motion to compel, Plaintiff would have had to have filed an objection or appeal within 14 days of the Judge's January 29, 2019 ruling. No such objection or appeal was filed, as can be plainly seen from the Court record. As such, Plaintiff's Appeal can only apply to the Judge's ruling (Dkt. 75) on Plaintiff's motion to reconsider (Dkt. 63, 64). Plaintiff filed his Appeal, given the extension of time, within the applicable time period from the date of the Judge's ruling on the motion to reconsider. Thus, the Appeal applies only to the motion to reconsider.

## II. Plaintiff's Argument Regarding the Affidavit is Waived.

Plaintiff argues in his Reply that Defendants "incorrectly" argue that "Plaintiff didn't 'develop any meaningful argument regarding [Defendants'] failure to provide an affidavit.'" (Dkt. 88, at 2). "Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (in both civil and criminal cases, and even involving constitutional issues). *See also, Anderson v. Gutschenritter*, 836 F.2d 346, 349 (7th Cir. 1988) ("[A]n issue expressly presented for resolution is waived if not developed by argument.").

Looking at Plaintiff's motion to compel (Dkt. 33), one can see that Plaintiff referenced the affidavit only once (Dkt. 33, at 12) and followed that reference by a string citation: "Moreover,

by failing to log documents that are being withheld and by failing to provide an affidavit from a responsible official explaining why the so-called law enforcement privilege should apply to the documents withheld, Defendants have forfeited any reliance on the so-called law enforcement privilege. …. [string citation]" (Dkt. 33, 12). This is the only mention of an affidavit in Plaintiff's motion to compel. (Dkt. 33). And, the authority referenced in Plaintiff's string citation does not stand for the proposition that an affidavit is required. (*Id*., at 12). Thus, any argument regarding the need of an affidavit is waived, as Plaintiff failed to develop that argument, and the argument is unsupported by legal authority. *See, e.g., Mitchell v. Colvin*, 2014 WL 5509330, *19-20 (S.D.Ind. 2014), *citing Anderson, supra*, 836 F.2d at 349 (three sentences followed by string citation does not constitute a developed argument). Further, as one can see from the legal authority cited by Plaintiff, an explanation as to which documents are being withheld is all that is required; an affidavit is not required. (See, Dkt. 33, at 12, string citation).

### III. Defendants Presented the Correct Legal Standard Regarding Mootness; Plaintiff Cites No Legal Authority for His Proposition

Plaintiff argues in his Reply that "'[m]ootness is not a recognized basis for withholding or failing to produce documents under the Federal Rules, and Defendants do not cite any rule or authority to the contrary." (Dkt. 88, at 3). Plaintiff cites no legal authority for this proposition. Mootness applies to the motion, or Plaintiff's Appeal, not application of any privilege in this case.

As can be easily seen from Defendants' Opposition, Defendants argued: "[w]hen information or documents sought in discovery are produced, any motion to compel such production is rendered moot and such motions are routinely denied. *See, e.g., Philippi-Hagenbuch, Inc. v. Western Tech. Servs. Int'l*, 2013 WL 2419934, *2 (C.D.Ill. 2013); …." (Dkt. 84, at 7-8). Plaintiff misunderstands that a motion, including his appeal, is rendered moot when

4

the moving party has the information; the motion is moot because there is no longer any controversy to be decided. However, mootness of the motion based on Plaintiff obtaining the information or documents is independent and separate of any determination of privilege. Generally, only the holder of the privilege may waive it; production of documents or information by third-parties does not waive a privilege by the holder. *See, e.g.,* Federal Rule of Evidence 502; *Perez v. City of Chicago*, 2004 WL 1151570, **4, 5 (N.D.Ill. 2004) (psychotherapist-patient privilege); *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 477 (N.D.Ill. 2002) (attorney-client privilege).

Plaintiff affirmatively stated in a filed pleading signed by counsel that "Defendants produced a privilege log that shows the information they are withholding was already produced to [Plaintiff] by the Macon County State's Attorney's Office in response to his subpoena." (Dkt. 79, at 4). Now, Plaintiff affirmatively stated in a filed pleading signed by counsel that "Defendants possess documents responsive to Plaintiff's discovery requests that they have not turned over and that the State's Attorney has not produced." (Dkt. 88, at 3). Plaintiff cannot have it both ways. Further, Plaintiff makes this statement for the first time in his Reply; this statement is not included in any prior pleadings or motions.

## CONCLUSION

Based on the foregoing, and in conjunction with Defendants' Opposition (Dkt. 84), Plaintiff's Appeal should be denied as the Magistrate Judge's opinions were not clearly erroneous.

    Ancel Glink, P.C.

    By:  /s/ Thomas G. DiCianni
         One of the Attorneys for Defendants

Thomas G. DiCianni / ARDC # 03127041
tdicianni@ancelglink.com
Ellen K. Emery / ARDC # 6183693
eemery@ancelglink.com
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois  60603
(312) 782-7606
(312) 782-0943 Fax