E-FILED
Monday, 09 December, 2019  04:03:57 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **CHARLES PALMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 17-CV-3268** |
| | ) | |
| **CITY OF DECATUR, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff, Charles Palmer, through counsel, moves for a renewed writ of body attachment against Ray Taylor arising from Taylor's non-compliance with Plaintiff's deposition subpoena and this court's orders.  Plaintiff has filed an Unopposed Motion for Writ of Body Attachment (#111) pursuant to Federal Rule of Civil Procedure 45 and 28 U.S.C. § 1826(a).  Defendants have no opposition to this motion.  For the following reasons, Plaintiff's Unopposed Renewed Motion for Writ of Body Attachment (#111) is GRANTED.

## BACKGROUND

The following background is taken from the court's original Order (#105) granting a writ of body attachment.

On February 13, 2019, Plaintiff filed a Motion to Show Cause (#56) indicating that Plaintiff personally served a subpoena for deposition on third-party witness Ray Taylor for a deposition scheduled for February 4, 2019.  According to the motion (#56), Taylor

failed to appear for the deposition without cause or explanation.  Plaintiff asked the court to enter an order requiring Taylor to show cause as to why he should not be held in contempt for his failure to attend the deposition.

On March 8, 2019, Judge Long issued an Order to Show Cause (#67), ordering Taylor to appear before him at the federal courthouse in Urbana by March 25, 2019, and show cause as to why he should not be held in contempt for failing to attend his deposition.  Judge Long noted that, if Taylor wanted to avoid appearing before the court on March 25, he could contact Plaintiff's counsel, Alison Leff, to voluntarily reschedule his deposition at a mutually agreeable time.

On March 14, 2019, Plaintiff served Taylor with a copy of the Order to Show Cause by leaving it, along with a cover letter, in the door of Taylor's home.  The following day an investigator from Plaintiff's attorney's office confirmed with Taylor's father, Robert Taylor, that Ray Taylor had received both the letter and order.  Judge Long held a hearing on the show cause order as scheduled, and Taylor again failed to appear.

On April 3, 2019, Judge Long issued a Report and Recommendation (#73) finding that Taylor had failed to comply with both the subpoena and the court's subsequent order enforcing it, and recommending to this court that Taylor be found in civil contempt and compelled to pay a fine of $25 for every day that he failed to comply with the outstanding subpoena for deposition, beginning to accrue on April 30, 2019.  Judge Long recommended that Taylor be allowed to avoid the accrual of daily fines by submitting to a deposition as required by the prior subpoena and court order.  Judge

Long admonished Taylor that failure to abide by the court's orders may result in a warrant being issued for his arrest followed by possible imprisonment.  This court entered an Order (#76) adopting Judge Long's Report and Recommendations.

On April 7, 2019, an investigator from Plaintiff's counsel's office, Mort Smith, personally served on Taylor a copy of the Report and Recommendations and a cover letter from Plaintiff's counsel.  At the same time, Smith facilitated a phone call between Taylor and Plaintiff's counsel.  During the call, Taylor agreed to schedule his deposition for a date in May 2019.  Plaintiff subsequently notified the court of Taylor's apparent willingness to cooperate, and proposed the court suspend its recommendation to hold Taylor in contempt.

Before agreeing to a deposition date, Taylor met with Plaintiff's counsel and Mort Smith.  After this meeting, Plaintiff's counsel had difficulty getting in touch with Taylor to set a date for his deposition.  In August, counsel ultimately reached Taylor, and he said he would attend a deposition on any Saturday.  Taylor asked counsel to send him a letter with the date of the deposition, and said he would call once he received the letter to confirm his attendance.

Plaintiff delivered a letter to Taylor on August 25, 2019, notifying him that his deposition would take place Saturday, August 31, 2019, in Decatur, Illinois.  Taylor did not respond to the letter and Smith was not able to reach him to confirm the deposition before it was scheduled to occur.  Thereafter, Smith visited Taylor in person at his home in Decatur to confirm that he would attend a deposition on the following Saturday, September 7, 2019.  Taylor informed Smith that he is no longer willing to comply with the deposition subpoena under any circumstances.

On September 24, 2019, the court granted the parties' original Motion for Writ of Body Attachment. A writ (#106) was issued on September 27, 2019, directing the U.S. Marshals Service to bring Taylor to the United States Courthouse in Urbana, Illinois, to be deposed on a date agreeable to all parties' counsel. The parties and the U.S. Marshals Service arranged to conduct Taylor's deposition on November 4, 2019, but the Marshals were unable to apprehend Taylor on that date.

ANALYSIS

Plaintiff now requests that this court order Taylor confined until he gives deposition testimony. Federal Rule of Civil Procedure 45(g) states that the "court for the district where compliance is required - and also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order relating to it." Fed. R. Civ. P. 45(g). Further, 28 U.S.C. § 1826(a) states:

> Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of--
>     (1) the court proceeding, or
>     (2) the term of the grand jury, including extensions[.]

28 U.S.C. § 1826(a).

4

Contempt can be civil or criminal.  A contempt sanction is considered civil if it is remedial, and for the benefit of the complainant, but it is considered criminal if the sentence is punitive, to vindicate the authority of the court.  *International Union of United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994).  Taylor has been held by this court to be in civil contempt, because it is for Plaintiff's benefit in that he seeks to have Taylor sit for a deposition, and it is remedial, in that Taylor can cure the contempt by sitting for the deposition.  Even though Plaintiff seeks to have Taylor arrested and confined, the contempt is civil in nature because Taylor will be able to purge the contempt and obtain his release by committing an affirmative act, that is, sitting for the deposition.  See *Bagwell*, 512 U.S. at 829.  Further, the civil contempt at issue here is indirect, as it involves out-of-court conduct (indeed, Taylor has never appeared in court in this case).  See *Trade Well International v. United Central Bank*, 778 F.3d 620, 626 (7th Cir. 2015).

The court, in its prior Order (#105) on the original writ of body attachment, thoroughly explained why Taylor was in civil contempt, and why the issuance of a writ of body attachment was necessary to ensure Taylor's compliance with the court's orders.  See Order (#105), September 24, 2019, pp. 4-7.  Nothing has occurred in the interim that would cause the court to change its finding that Taylor is in civil contempt.  Taylor continues to defy this court's orders, and the court once again finds, as it did in its prior Order (#105), that only Taylor's arrest and incarceration will cause him to cooperate.  See *In re Grand Jury Proceedings of Special Apr. 2002 Grand Jury*, 347 F.3d 197, 207 (7th Cir. 2003) ("The district court need not accept at face value a contemnor's claim

5

that he will never testify, but the court must make an individualized determination of whether continued confinement retains any realistic possibility of achieving its intended purpose.").

Plaintiff requests that this court reissue a writ of body attachment to the U.S. Marshals Service to bring Taylor, on a date agreeable to all parties' counsel, to the United States Courthouse to be deposed. "The judiciary possesses the inherent power 'to coerce obedience to its orders by summarily holding a recalcitrant person—such as an immunized witness who refuses to testify at a grand jury proceeding or at trial—in civil contempt and then imprisoning him until he complies.'" *Matter of Crededio*, 759 F.2d 589, 590 (7th Cir. 1985), quoting *In re Grand Jury Investigation (Braun)*, 600 F.2d 420, 422 (3rd Cir. 1979); *Achors v. FCA US, LLC*, 2017 WL 9531998, at *4 (S.D. Ind. Oct. 19, 2017) (non-party witness who failed to appear in court for show cause hearing regarding non-compliance with deposition subpoenas arrested and brought to courthouse for deposition following issuance of writ of body attachment).

Plaintiff requests that the writ of body attachment issue, and that Taylor be held in custody pending his testimony. The court has this power to ensure the compliance with court orders of a witness found to be in civil contempt. *Wachovia Securities, LLC v. NOLA, LLC,* 248 F.R.D. 544, 546 (N.D. Ill. 2008).

Based on the above, the court finds that the writ of body attachment should reissue, as it is the only means reasonably likely to ensure Ray Taylor complies with the court orders to sit for his deposition. Taylor has repeatedly ignored and flouted the

orders of this court directing his compliance with the subpoena to have his deposition taken. He is in indirect civil contempt of court, and the reissuance of the writ of body attachment is to ensure his compliance with those court orders.

### *Miranda* Warnings and Taylor's Right to Have Counsel Present

As the court stated in its earlier Order (#105), once Ray Taylor has been taken into custody and is present at the deposition, Defendants are to advise Taylor that he has certain rights, and may have some additional rights, relating to the questioning. Accordingly, Defendants shall advise Taylor, prior to questioning: (1) of who they represent; (2) of the general subject matter of the inquiry; (3) of the right to refuse to answer any question if a truthful answer would be self-incriminating; (4) that the testimony can be used against him in subsequent legal proceedings; and (5) that a reasonable opportunity may be provided to consult with an attorney prior to and during the questioning.

IT IS THEREFORE ORDERED:

(1)     The Unopposed Motion for Writ of Body Attachment (#111) is GRANTED. Ray Taylor is in civil contempt of this court. A writ of body attachment shall issue directing the U.S. Marshals Service to bring Ray Taylor to the U.S. Courthouse, 201 South Vine, Urbana, Illinois 61802, to be deposed on a date agreeable to all parties' counsel. Taylor is to be held in custody until his deposition. However, the Marshals Service is to alert the parties within 48 hours of Taylor's arrest, so that a date for the

7

deposition can be arranged.  Parties' counsel are directed to work with
the Marshals Service to arrange and coordinate that date.  Defendants are
to advise Taylor of his legal rights as detailed in this Order.

(2)    This case is referred to the magistrate judge for further proceedings in
accordance with this Order.

ENTERED this ___9th___ day of _____December_____, 2019.


s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE