**IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| CHARLES PALMER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DECATUR, AMY M. WAKS, as Special Representative of the ESTATE of TIM CARLTON, ROGER RYAN, BRIAN BELL, ROGER MORVILLE, MICHAEL APPLEGATE, FRANK HUBBARD, JOE PATTON, JEREMY WELKER, STEVE CHABAK, and as-yet UNKNOWN OFFICERS OF THE DECATUR POLICE DEPARTMENT,<br><br>Defendants. | No. 17-cv-3268<br><br>Judge Colin S. Bruce<br><br>Magistrate Judge Eric I. Long |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND *VOIR DIRE* QUESTIONS**

NOW COME Defendants, CITY OF DECATUR, ROGER MORVILLE, and ROGER RYAN, by their counsel, and for their objections to plaintiff's proposed jury instructions and *voir dire* questions states as follows:

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

| Plaintiff's Proposed Instruction | Defendants' Objections |
|---|---|
| | |
| #3 | Defendant only objects to the extent that plaintiff includes "video" in the instruction, and no admissible video is used at trial |
| | |
| #9 | Objection only in that some elements are repeated. |
| | |
| #13 | Plaintiff omits an important sentence from Seventh Circuit Pattern Instruction 1.21. This instruction should include the sentence "The fact that such person has given an opinion does not mean you are required to accept it." The Committee comments to Pattern Instruction 1.21 cite several cases where this part of the |

|     |     |
| --- | --- |
|     | instruction was found to mitigate claims of error in the admission of expert opinions.  Defendants offer their #6 instead. |
| #14 | Defendants submit their instruction #14 is more complete and accurate. |
| #15 | This is a modified version of Seventh Circuit Pattern #1.27.  Defendants submit their Instruction #9, the unmodified 1.27, provides more complete and accurate direction on burden of proof. |
| #16 | Defendants object because 1) plaintiff's #16, a modified version of Seventh Circuit Pattern #7.14, includes a *Brady* theory of due process violation. The court granted defendants summary judgment on that claim Dkt. #210, p. 97. 2) The alleged fabricated evidence is not identified, and the jury isn't asked to decide whether it occurred.  The instruction merely recites the elements of the claim. "[A] judge should tell the jurors what their practical tasks are under the law, rather than providing raw legal texts for jurors to digest." *Achor v. Riverside Golf Club*, 117 F.3d 339, 340 (7th Cir. 1997).   The pattern instruction offers an option for bracketed material to focus the jury on the precise act which is alleged to violate due process.  Defendants offer their #15 as the alternative to plaintiff's #16. |
| #17 | Defendants object because a Fourth Amendment claim is about a detention, not a prosecution, which is what plaintiff's #17 describes. *Thompson v. Clark*, #20-659 (2022), does not hold otherwise.  Defendants offer their #16, which focuses the jury on the detention and provides the jury the basis for what plaintiff contends caused a wrongful detention.  Defendants also offer their #17, Seventh Circuit Pattern Instruction 7.08, on probable cause modified for a detention claim. |
| #18 | Plaintiff's instruction on conspiracy suffers from the following deficiencies: 1) it fails to identify the nature of the alleged common purpose, to fabricate evidence by placing Helmbacher's blood on plaintiff's shoe; 2) it does not include the "knowing" element of the theory; 3) it fails to specify that the conspirators are limited to the named defendants.  Defendants offer their #19 as an alternative. |
| #19 | Plaintiff's instruction on the failure to intervene theory lacks sufficient specificity as to what the so-called bystander knew about and failed to prevent.  Defendants offer their #18 as an alternative. |
| #20 | Plaintiff's instruction on the state law claim of malicious prosecution has the following deficiencies:  1) For a police officer to "commence" or "initiate" a malicious prosecution, he or she must cause the prosecution by some misconduct that overcomes "the presumption of prosecutorial independence." *Beaman v. Freesmeyer*, 2019 IL 122654 ¶44.  Plaintiff's instruction does not identify the misconduct that plaintiff alleges caused the prosecution.  2) Plaintiff's instruction also mischaracterizes "malice."  Lack of probable cause can sometimes serve as a proxy for malice at the *prima facie* case stage, but cannot always satisfy the malice element to prove the claim at trial.  Otherwise the probable cause and |

| | |
|---|---|
| | malice elements would collapse onto each other. Lack of probable cause can imply malice only where there is no credible evidence to support probable cause and the lack of probable cause is clear. *Szczesniak v. CJC Auto Parts, Inc.*, 2014 IL App (2d) 130636 ¶20; *Gauger v. Hendle*, 2011 IL App(2d) 100316 ¶122. The inference isn't automatic. Whether the jury can draw the inference is not a decision the jury can itself make. The court must first determine if the inference is warranted before the jury is instructed that the inference is allowed. Defendants offer their #20 as an alternative. |
| #21 | Plaintiff's instruction on intentional infliction of emotional distress ("IIED"), fails to specify what the defendant allegedly did that was "extreme and outrageous" and for the jury to find that it really happened. Defendants offer their #21 instead. |
| #22 | Defendants object to plaintiff's #21 on state law conspiracy for the same reasons identified in response to plaintiff's #18. |
| #23 | Defendants object to punitive damages. In addition, defendants object to the language of "each and every one of the plaintiff's claims . . .," which places undue emphasis on the number of claims alleged. Defendants offer their #10, Seventh Circuit Pattern #1.31, instead. |
| #24 | Defendants object based on: 1) the language "the defendants' wrongful conduct;" The language of the Seventh Circuit Pattern Instruction 7.26 should be used; 2) there will be no evidence of "physical" pain; 3) "mental" and "emotional" pain are duplicative; 4) the last paragraph is not a part of the pattern instruction, and plaintiff offers no authority for that modification. |
| #25 | Defendants object to plaintiff's punitive damages claim in general. In addition, plaintiff's #25 differs from Seventh Circuit Pattern #7.28, with no authority offered for the modifications. |
| Verdict Form | Defendants offer their own verdict form, which clarifies that Timothy Carlton, who is deceased, is not a defendant. His Estate, through the Special Administrator, is the defendant. Defendants also object to punitive damages. |

## PLAINTIFF'S PROPOSED *VOIR DIRE* QUESTIONS

| Plaintiff's *Voir Dire* | Defendants' Objections |
|---|---|
| #1 | The court should not single out a police officer or any other witness based on their occupation for a special question on credibility. |
| #s 2-3 | These questions provide no useful information to the parties. No prospective juror is going to admit to this in a federal court, regardless of their actual beliefs. Such |

3

|  |  |
|---|---|
|  | questions coming from the judge could be interpreted as suggesting that the court believes these things happened. |
|  |  |
| #s 4-5 | The court should not ask questions which could suggest that the court may believe it happened. Defendants *voir dire* questions explore these issues in a more neutral way. |
|  |  |
| #6 | Defendants dispute that plaintiff was "exonerated" or found innocent. |
|  |  |
| #7 | Defendants have filed a motion in *limine* to exclude the entire Douglas Lee subject. |

By: /s/ *Thomas G. DiCianni*  
One of the Attorneys for Defendants

Thomas G. DiCianni / ARDC # 3127041  
tdicianni@ancelglink.com  
Kathleen M. Kunkle / ARDC # 6281796  
kkunkle@ancelglink.com  
ANCEL GLINK, P.C.  
140 South Dearborn Street, Sixth Floor  
Chicago, Illinois 60603  
(312) 782-7606  
(312) 782-0943 Fax

By:  /s/ *Kathleen Wrigley Pietsch*  
One of the Attorneys for Defendants

Kathleen Wrigley Pietsch  
kwrigley@decaturil.gov  
CITY OF DECATUR  
#1 Gary K Anderson Plaza  
Decatur, IL 62523  
(217) 424-2807  
(217) 424-2871 Fax

## CERTIFICATE OF SERVICE

I, Thomas DiCianni, an attorney, certify that on May 20, 2022, I electronically filed the foregoing **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VOIR DIRE QUESTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Steven Edwards Art / steve@loevy.com
Jonathan I. Loevy / jon@loevy.com
Rachel Elaine Brady / brady@loevy.com
Imani Franklin / imani@loevy.com
Renee Spence / spence@loevy.com
Samantha Hamilton / samhamilton@loevy.com

LOEVY & LOEVY
311 North Aberdeen St / 3rd Floor
Chicago, IL 60607

Kathleen Wrigley Pietsch
CITY OF DECATUR
#1 Gary K Anderson Plaza
Decatur, IL 62523
kwrigley@decaturil.gov

Jerrold H. Stocks
Ross J. Munsterman
101 S. State Street / Suite 240
Decatur, IL 62523
jstocks@decatur.legal
rmunsterman@decatur.legal

/s/ Thomas G. DiCianni