## IN THE UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| CHARLES PALMER, | ) | |
| | ) | Case No.  3:17-cv-03268-EIL |
| *Plaintiff*, | ) | |
| | ) | Hon. Colin Stirling Bruce, |
| *v.* | ) | District Judge |
| | ) | |
| CITY OF DECATUR, *et al.*, | ) | Hon. Eric I. Long, |
| | ) | Magistrate Judge |
| *Defendants.* | ) | |
| | ) | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED
### JURY INSTRUCTIONS (REVISED) AND VERDICT FORM

Now comes Plaintiff, Charles Palmer, through his attorneys, Loevy & Loevy, and respectfully requests that this Court prohibit Defendants from submitting certain jury instructions to the jury. In support, Plaintiff describes his objections as follows:

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

### **1.01 FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, fear, public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Defendants' Proposed Jury Instruction No. 1**
**(Seventh Circuit Pattern Jury Instruction 1.01)**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## 1.02 NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**Defendants' Proposed Jury Instruction No. 2**
**(Seventh Circuit Pattern Jury Instruction 1.02)**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## 1.05 DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of deposition or prior trial testimony. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

**Defendants' Proposed Jury Instruction No. 3**
**(Seventh Circuit Pattern Jury Instruction 1.05)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X\_\_\_\_\_ Objected to

**Plaintiff's Objection**: Plaintiff has proposed a competing version of this instruction.  *See* Plaintiff's Proposed Instruction No. 3. Plaintiff objects to the inclusion of "prior trial testimony" in this instruction because it is not included in the Pattern Instructions and is not the law that the jury "may consider statements given by a . . . witness under oath before this trial as evidence of the truth of what he said in the earlier statements . . . ." *See* Fed. R. Evid. 801(d)(1)(A) (discussing prior *inconsistent* statements by witnesses under oath). Even if the instruction was a correct statement of the law, providing an instruction to the jury that discusses party admissions, prior inconsistent statements under oath, and prior statements or acts used for impeachment has very little value and is likely to confuse jurors. In Plaintiff's view, the better approach, as the committee comments to the pattern instruction suggest, is to provide a limiting instruction if prior testimony or statements are introduced limited to impeachment of a witness's credibility. Seventh Circuit Pattern No. 1.14, Committee Comment (a). The state-court language on inconsistent acts should be omitted whenever this instruction is given.

## 1.13 TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Defendants' Proposed Jury Instruction No. 4**
**(Seventh Circuit Pattern Jury Instruction 1.13)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

**Plaintiff's Objection**: Plaintiff has proposed a competing version of this instruction with additional language important to assessing witness credibility. _See_ Plaintiff's Proposed Instruction No. 9; _see also Fields v. City of Chicago_, Case No. 1:10-cv-01168, Dkt. No. 1169.

6

## 1.14 PRIOR INCONSISTENT STATEMENTS [OR ACTS]

You may consider statements given by a Party or Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Defendants' Proposed Jury Instruction No. 5**
**(Seventh Circuit Pattern Jury Instruction 1.14)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X\_\_\_\_\_ Objected to

**Plaintiff's Objection**: Plaintiff objects to this instruction because it is not the law that the jury "may consider statements given by a . . . witness under oath before this trial as evidence of the truth of what he said in the earlier statements . . . ." *See* Fed. R. Evid. 801(d)(1)(A) (discussing prior *inconsistent* statements by witnesses under oath). Even if the instruction was a correct statement of the law, providing an instruction to the jury that discusses party admissions, prior inconsistent statements under oath, and prior statements or acts used for impeachment has very little value and is likely to confuse jurors. In Plaintiff's view, the better approach, as the committee comments to the pattern instruction suggest, is to provide a limiting instruction if prior testimony or statements are introduced limited to impeachment of a witness's credibility. Seventh Circuit Pattern No. 1.14, Committee Comment (a). The state-court language on inconsistent acts should be omitted whenever this instruction is given.

## 1.21 EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**Defendants' Proposed Jury Instruction No. 6**
**(Seventh Circuit Pattern Jury Instruction 1.21)**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## 1.24 DEMONSTRATIVE EXHIBITS

Certain models, diagrams, devices, charts and timelines have been shown to you. Those things are used for convenience and to help explain a party's view of the facts of the case. They are not themselves evidence or proof of any facts.

**Defendants' Proposed Jury Instruction No. 7**
**(Seventh Circuit Pattern Jury Instruction 1.24)**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## 1.25 MULTIPLE CLAIMS;
## MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

**Defendants' Proposed Jury Instruction No. 8**
**(Seventh Circuit Pattern Jury Instruction 1.25)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X\_\_\_\_\_ Objected to

**Plaintiff's Objection**: Plaintiff objects to this instruction being given without being amended to make clear that the City of Decatur is a party and is vicariously liable for any state-law tort for which any individual is found liable, per the committee comments. *See* Pattern 1.25, Committee Comments (commenting that the language "in the second sentence . . . should not be used or should be modified when principles of vicarious liability make it inappropriate.").

## 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Defendants' Proposed Jury Instruction No. 9**
**(Seventh Circuit Pattern Jury Instruction 1.27)**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

### 1.31 NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 10**
**(Seventh Circuit Pattern Jury Instruction 1.31)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X\_\_\_\_\_ Objected to

**Plaintiff's Objection**: Plaintiff objects to this instruction because it is unnecessary and because it is unfairly one-sided. The elements instructions and the compensatory damages instruction all provide that damages are not considered unless a Plaintiff succeeds on at least one claim. If an instruction is given on this point, Plaintiff Proposed Instruction No. 23 advises the jury of the possibility of finding for the Plaintiff and/or the Defendants. Any instruction must inform the jury that if it decides for *all* of the Defendants on the question of liability for *all* of the Plaintiff's claims, then it should not consider the question of damages; however, if the jury decides against *any* one of the Defendants on any one of Plaintiff's claims, then the jury should go on to consider the question of damages.

## 2.08. DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Witness [to be determined], which was taken on [dates to be given], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**Defendants' Proposed Jury Instruction No. 11**
**(Seventh Circuit Pattern Jury Instruction 2.08)**

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## 2.08. FORMER TESTIMONY AS SUBSTANTIVE EVIDENCE

The prior testimony of Witness [to be determined], which was taken [on date] during the criminal trial of the plaintiff, is about to be presented to you. Such former testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**Defendants' Proposed Jury Instruction No. 12**
**(Seventh Circuit Pattern Jury Instruction 2.08 Modified)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

**Plaintiff's Objection:** Plaintiff objects to this instruction because it mischaracterizes the Pattern Instruction and is not the law that the jury "may consider statements given by a . . . witness under oath before this trial as evidence of the truth of what he said in the earlier statements . . . ." *See* Fed. R. Evid. 801(d)(1)(A) (discussing prior *inconsistent* statements by witnesses under oath); *see also* Plaintiff's Objections to Defendants' Witness List.

Plaintiff further objects to the extent that this instruction purports to allow the introduction of the full transcripts from Plaintiff's underlying criminal proceedings. There is *no* "rule that the plaintiff in a civil case alleging a *Brady* violation must force-feed the jury the original criminal trial in its entirety." *Jimenez v. City of Chicago*, 732 F.3d 710, 719 (7th Cir. 2013). Rather, the materiality of this evidence is a context-specific determination to be determined by the Court. *Id.* (holding that the plaintiff can meet his burden for his due process claim "by other means").

Even if the instruction was a correct statement of the law, providing an instruction to the jury that discusses party admissions, prior inconsistent statements under oath, and prior statements or acts used for impeachment has very little value and is likely to confuse jurors. In Plaintiff's view, the better approach, as the committee comments to the pattern instruction suggest, is to provide a limiting instruction if prior testimony or statements of a witness are introduced limited to impeachment of a witness's credibility. Seventh Circuit Pattern No. 1.14, Committee Comment (a). Further, the state-court language on inconsistent "acts" should be omitted whenever this instruction is given.

## 7.02 GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that each defendant was personally involved in the conduct that Plaintiff complains about. Unless otherwise instructed, you may not hold any individual defendant liable for what others did or did not do.

**Defendants' Proposed Jury Instruction No. 13**
**(Seventh Circuit Pattern Jury Instruction 7.02 Modified)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

**Plaintiff's Objection**: Plaintiff has a number of objections to Defendants' proposed instruction on personal involvement. First, as the committee comments on the pattern instruction make clear, this instruction is inappropriate in cases like this one, where claims of failure to intervene and conspiracy are at issue, because the instruction is actually incorrect and will mislead the jury. Seventh Circuit Pattern No. 7.02, Committee Comment ("In some cases, giving this instruction may risk misleading the jury. There are situations in which it does not apply or may be inaccurate, for example, cases involving claims of failure to intervene, supervisory liability, conspiracy, or cases in which there are state law claims on which there is respondeat superior liability.")

Second, the jury will already be instructed on each and every elements instruction that it must give separate consideration to each defendant in the case, and that a finding of liability for one of them should not lead to a finding of liability for others. Those instructions are sufficient to

communicate the only point for which Defendants' Proposed Instruction No. 13 is properly offered. Third, Defendants' modifications to the instruction do nothing more than repeat what the instruction already says and incorporate separate instructions into the pattern in an attempt to make the instruction more defendant-friendly.

## THE CLAIMS

The plaintiff in this case is Charles Palmer. The defendants in this case are the Estate of Tim Carlton, a former police officer for the City of Decatur, Illinois, who is now deceased, and Roger Ryan and Roger Morville, who were police officers for the City of Decatur, Illinois, and are retired.

The plaintiff brings seven claims against the defendants in this case. First, he brings a claim that his right to due process under the 14th Amendment to the United States Constitution was violated. Second, he alleges he was unlawfully detained in violation of his 4th Amendment rights. Third, he claims the defendants failed to intervene to prevent the violations of his constitutional rights. Fourth, he claims he suffered a conspiracy to violate his constitutional rights. Fifth, he claims there was a malicious prosecution brought against him. Sixth, he claims he suffered the intentional infliction of emotional distress. Seventh, he claims he suffered a conspiracy to maliciously prosecute him and intentionally inflict emotional distress on him.

The defendants deny all of the plaintiff's claims.

**Defendants' Proposed Jury Instruction No. 14**
**(Illinois Pattern Jury Instruction 20.01 Modified)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

I.P.I. #20.01 (modified)

**Plaintiff's Objection**: Plaintiff has proposed a version of this instruction as Plaintiff's Proposed Jury Instruction No. 14, which in his view more straightforwardly provides an overview of the claims and Defendants in general. The elements instructions define which defendants and elements the jury should consider on each of the particular claims. Attempting to perform that task in a general instruction that is supposed to give an overview of the claims results in a dense instruction that is difficult to understand. Further, it is confusing for the jury to hear "the Estate of Tim Carlton . . . who is deceased," and Plaintiff's Proposed Instruction is more clear.  If the

18

Court adopts the Defendants' proposed instruction, the City of Decatur should be listed as a defendant on Plaintiff's state-law claims.

## FIRST CLAIM – FAIR TRIAL: FABRICATION OF EVIDENCE

In the plaintiff's First Claim, he alleges the defendants violated his right to a fair trial by fabricating evidence that was used against him in the criminal case. To succeed on this claim against any defendant, the plaintiff must prove the following by a preponderance of the evidence:

> The defendant intentionally fabricated evidence by putting the murder victim's blood on the plaintiff's shoe that was introduced against the plaintiff in his criminal case.

If you find that the plaintiff proved this by a preponderance of the evidence against a defendant or defendants, then you must decide for the plaintiff and against that defendant or those defendants on the plaintiff's First Claim.

If, on the other hand, you find that the plaintiff has failed to prove this against any defendant by a preponderance of the evidence, then you must decide for that defendant or those defendants and against the plaintiff on his First Claim.

**Defendants' Proposed Jury Instruction No. 15**
**(Seventh Circuit Pattern Jury Instruction 7.14 Modified)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

**Plaintiff's Objection**: Plaintiff objects to this instruction because it is too specific in its inclusion of the statement that the jury must find that a particular defendant intentionally fabricated evidence in a particular way; because it departs from the Seventh Circuit pattern instruction on evidence fabrication claims without any justification or legal authority, and in doing so omits critical language on the legal standard and definition of terms within the instruction; and, as a result, it is a misstatement of binding Seventh Circuit law.

Specifically, Plaintiff objects because the instructions artificially limit Plaintiff's fabrication claim. Jury instructions should permit consideration of *all* evidence that is properly admitted at trial, and not limited to a predetermination of Plaintiff's theories supporting this claim. "Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion." *Ortiz v. Jordan,* 562 U.S. 180, 184 (2011); *Chemetall GMBH v. ZR Energy, Inc.,* 320 F.3d 714, 718 (7th Cir.2003) ("Once the trial has taken place, our focus is on the evidence actually admitted and not on the earlier summary judgment record."). The Seventh Circuit has specifically affirmed a district court's refusal to instruct the jury as to specific pieces of evidence for the jury's consideration of the plaintiff's due process claim. *Jimenez v. City of Chicago*, 732 F.3d 710, 718 (7th Cir. 2013) ("So long as the evidence supporting these theories was properly admitted, nothing warranted a jury instruction that would have prevented the jury from considering that evidence in resolving Jimenez's due process claim.").

Second, Plaintiff objects to this instruction because "putting the murder victim's blood on the plaintiff's shoe" is not an element of this claim. *Whitlock v. Brueggemann*, 682 F.3d 567, 582-85 (7th Cir. 2012) ("We have consistently held that a police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of her liberty in some way"). Plaintiff's Proposed Instruction No. 16 adheres more closely to the Seventh Circuit Pattern Instruction 7.14 and puts forth the legally correct elements of this claim.

## SECOND CLAIM – FOURTH AMENDMENT:
## FALSE ARREST – ELEMENTS

In the plaintiff's Second Claim, he alleges the defendants caused him to be unlawfully detained. To succeed on this claim, the plaintiff must prove each of the following two things against a defendant by a preponderance of the evidence:

1.    The defendant caused the plaintiff's detention by placing the victim's blood on the plaintiff's shoe; and

2.    There otherwise wasn't probable cause for the plaintiff's detention.

If you find that the plaintiff has proved each of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for the plaintiff and against that defendant or those defendants on the plaintiff's Second Claim.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for that defendant or those defendants on the plaintiff's Second Claim.

**Defendants' Proposed Jury Instruction No. 16**
**(Seventh Circuit Pattern Jury Instruction 7.07 Modified)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

**Plaintiff's Objection**: Plaintiff objects to this instruction because it mischaracterizes Plaintiff's Second Claim.

First, the elements outlined above do not correctly state the elements as outlined in the Seventh Circuit Pattern Jury Instruction 7.07, as Defendants apparently contend, *see* Seventh Circuit Pattern Jury Instruction 7.07 (citing elements as "(1) Defendant arrested Plaintiff. (2) Defendant did not have probable cause to arrest Plaintiff. (3) Defendant acted under color of

22

law."). Second, Plaintiff does not even bring a Fourth Amendment false arrest claim. Rather, Plaintiff brings a Fourth Amendment claim for illegal detention post-legal process, or malicious prosecution. The two claims have distinct elements. *See, e.g., Lee v. Harris*, 127 F.4th 666, 676 (7th Cir. 2025); *Thompson v. Clark*, No. 20-659, 596 U.S. __, slip op. at 11 (2022)). Objecting further, "placing . . . blood  on the plaintiff's shoe" is not an element of Plaintiff's claim. Plaintiff is entitled to the jury being instructed on the correct claim and elements, as proposed in Plaintiff's Proposed Instruction No. 17: "(1) The defendant caused a criminal proceeding to be commenced or continued against the plaintiff that resulted in the plaintiff being deprived of his liberty."; [and] (2) There was no probable cause for that criminal proceeding."

It is well established that these are the elements of this claim. *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024) (holding that, to succeed on a Fourth Amendment malicious prosecution claim, "a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person.").

## SECOND CLAIM – FOURTH AMENDMENT;
## DEFINITION OF "PROBABLE CAUSE"

Probable cause exists for a detention if a reasonable person in a defendant's position would have believed that the plaintiff had committed a crime. In making this decision, you should consider what the defendant knew and the reasonably trustworthy information the defendant had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the defendant's belief was probably right. The fact that the plaintiff was later released from prison does not by itself mean that there was no probable cause for his detention.

It is not necessary that there be probable for all of the crimes the plaintiff was charged with, so long as there was probable cause for one of those crimes.

**Defendants' Proposed Jury Instruction No. 17**
**(Seventh Circuit Pattern Jury Instruction 7.08 Modified)**

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

**Plaintiff's Objection**: Defendants propose an argumentative definition of probable cause that is unnecessary. Plaintiff's Proposed Instruction No. 17, which instructs the jury correctly on the elements of this Fourth Amendment claim, correctly defines probable cause in simple terms that the jury will more easily understand. If a more detailed instruction on probable cause is required, Plaintiff submits the competing proposed definition of probable cause, which follows as Plaintiff's Proposed Instruction No. 27.

## DEFINITION OF PROBABLE CAUSE

*\*NOTE: Plaintiff objects to any separate instructions being given that, based on excerpts from case law, define legal terms that have been appropriately defined already in the elements instructions above. Nonetheless, Plaintiff proposes the instruction that follows because Defendants have proposed this type of definitional instruction. If Defendants' versions of these instructions are given, Plaintiff's versions should be given as well.\**

Probable cause exists if a reasonable person in the defendant's position would have believed that the plaintiff had committed the crime charged. In making this decision, you should consider what the defendant knew and any reasonably trustworthy information the defendant had received.

In evaluating whether probable cause existed, you may consider whether the defendant closed his or her eyes to facts that would have helped clarify the circumstances of the crime. The defendants were responsible for pursuing all reasonable avenues of investigation, especially if it was unclear who committed the crime.

Finally, fabricated evidence and false statements do not support probable cause. Such false evidence is demonstrated by showing that the defendant had obvious reasons to doubt the accuracy of the information reported, or failed to inform the courts and prosecutors of facts that they knew would negate probable cause.

**Plaintiff's Proposed Instruction No. 27**

Source: *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Beck v. Ohio,* 379 U.S. 89, 91 (1964); *Alexander v. United States*, 721 F.3d 418, 423 (7th Cir. 2013); *Lawson v. Veruchi*, 637 F.3d 699 (7th Cir. 2011); *Fox v. Hayes*, 600 F.3d 819, 833-35 (7th Cir. 2010); *Jones v. City of Chicago*, 856 F.2d 985, 995 (7th Cir. 1988); *BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986); *see also Rodgers v. Peoples Gas*, 315 Ill. App. 3d 340, 348 (1st Dist. 2000); *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007).

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**THIRD CLAIM FOR FAILURE OF "BYSTANDER" OFFICER**
**TO INTERVENE – ELEMENTS**

In the plaintiff's Third Claim, he alleges the defendants violated his constitutional rights by failing to intervene to prevent the conduct that violated his constitutional rights. To succeed in his Third Claim, the plaintiff must prove each of the following things against a defendant or defendants by a preponderance of the evidence:

1. The plaintiff's constitutional right to due process under the 14th Amendment or right not to be unlawfully detained under the 4th Amendment was violated by the defendants placing the victim's blood on the plaintiff's shoe.

2. The defendant had a realistic opportunity to do something to prevent this harm from occurring.

3. The defendant failed to take reasonable steps to prevent this harm from occurring.

4. The defendant's failure to act caused the plaintiff to suffer this harm.

If you find that the plaintiff has proved each of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for the plaintiff and against that defendant or those defendants on the plaintiff's Third Claim.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for that defendant or those defendants on the plaintiff's Third Claim.

**Defendants' Proposed Jury Instruction No. 18**
**(Seventh Circuit Pattern Jury Instruction 7.22 Modified)**

_____ Given
_____ Rejected
_____ Withdrawn
\_\_\_\_\_X\_\_\_\_\_ Objected to

**Plaintiff's Objection**: Plaintiff objects because Defendants' instruction is a misstatement of the claims and the law, and because it departs from the Seventh Circuit pattern instruction without any justification or legal authority, and as a result it is a misstatement of binding Seventh Circuit law.

In particular, "placing . . . blood  on the plaintiff's shoe" is not an element of this claim. *See* Seventh Circuit Pattern Jury Instruction 7.22 (citing elements); *see also, e.g. Doxtator v. O'Brien*, 39 F.4th 852, 865 (7th Cir. 2022) ("An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know" that an unjustifiable arrest or other constitutional violation has been committed and "the officer had a realistic opportunity to intervene to prevent the harm from occurring." (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). The jury is permitted to consider all of the evidence admitted at trial, not a predetermined list. *Jimenez*, 732 F.3d at 718.

Plaintiff's Proposed Instruction No. 19 is more accurate and contains the legally correct elements:

1. The plaintiff's constitutional rights were violated.
2. The defendant knew that the plaintiff's constitutional rights were being violated or would be violated.
3. The defendant had a realistic opportunity to prevent harm from occurring.
4. The defendant failed to take reasonable steps to prevent harm from occurring.
5. The defendant's failure to act caused the plaintiff to suffer harm.

*See* Plaintiff's Proposed Instruction No. 19.

## FOURTH CLAIM – CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS

The plaintiff's Fourth Claim is that the defendants conspired to deprive him of his constitutional rights.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on his conspiracy claim as to a defendant or defendants, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.  The defendant joined an agreement between himself and another defendant to violate the plaintiff's constitutional rights by placing the victim's blood on the plaintiff's shoe.

2.  The defendant knowingly became a member of the conspiracy with the intention to carry it out.

3.  One or more of the participants to the conspiracy committed an act in an effort to carry out the agreement.

4.  As a result, the plaintiff's constitutional rights were violated.

If you find that the plaintiff has proved each of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for the plaintiff and against that defendant or those defendants on the plaintiff's Fourth Claim.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for that defendant or those defendants on the Plaintiff's Fourth Claim.

**Defendants' Proposed Jury Instruction No. 19**
(***Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984))**

_____ Given
_____ Rejected
_____ Withdrawn
_____X\_\_\_\_\_ Objected to

**Plaintiff's Objection**: Plaintiff first objects because "placing . . . blood on the plaintiff's shoe" is not an element of this claim, and the jury is permitted to consider all of the evidence admitted at trial, not a predetermined list. *Jimenez*, 732 F.3d at 718.

Plaintiff further objects because the instruction is incomplete and omits essential law governing conspiracy claims. Plaintiff objects because the first element of this claim does not require that a defendant join an agreement only with other defendants, nor does it require that a defendant agree on express details of the conspiratorial scheme. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are. It is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them."); *Patrick v. City of Chicago*, 213 F. Supp. 3d 1033, 1057 (N.D. Ill. 2016) ("civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, 'the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.'" (quoting *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013)). Plaintiff further objects because the second element of the claim misstates the applicable law of conspiracy. *Jones*, 856 F.2d at 985, 992; *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir. 1984). Plaintiff's Proposed Instruction No. 18 is based on governing Seventh Circuit law.

Finally, Plaintiff objects because Defendants have not identified which of the Defendants are potentially liable for this claim in the instruction: Defendants Carlton, Morville, and Ryan.

## FIFTH CLAIM – MALICIOUS PROSECUTION

The plaintiff's Fifth Claim is that the defendants maliciously prosecuted the plaintiff. To succeed on this claim against a defendant or defendants, the plaintiff must prove the following things by a preponderance of the evidence:

1.      The defendant caused a criminal proceeding to be initiated against the plaintiff by placing the victim's blood on the plaintiff's shoe.

2.      The defendant initiated such a proceeding against the plaintiff without probable cause.

3.      The defendant acted with malice. A person acts with malice if they initiate the criminal proceeding for a reason other than to bring a person to justice.

4.      The criminal proceeding terminated in favor of the plaintiff in a way that indicated his innocence.

5.      The plaintiff suffered damages as a result.

If you find from your consideration of all of the evidence that each of the propositions required of the plaintiff has been proved against a defendant or defendants by a preponderance of the evidence, then you should find for the plaintiff and against that defendant or those defendants on the plaintiff's Fifth Claim.

If, on the other hand, you find from your consideration of all of the evidence that any one of the propositions the plaintiff is required to prove has not been proved against a defendant or defendants, then you should find for that defendant or those defendants on the plaintiff's Fifth Claim.

**Defendants' Proposed Jury Instruction No. 20**
(***Beaman v. Freesmeyer***, **2019 IL 122654;**
***Rodgers v. Peoples Gas, Light and Coke***, **315 Ill. App. 3d 340 (1ˢᵗ Dist. 2000))**

_____ Given
_____ Rejected
_____ Withdrawn
_____X\_\_\_\_\_ Objected to

**Plaintiff's Objection**: Plaintiff objects to this instruction because it misstates the law and the ways in which malicious prosecution can be proven in this case.

First, Plaintiff objects to the first element of this instruction because it is too specific in its inclusion of the statement that the jury must find that a particular defendant intentionally fabricated evidence in a particular way in order to cause a criminal proceeding. "[P]lacing the victim's blood on the plaintiff's shoe" is not an element of this claim, and the jury is permitted to consider all of the evidence admitted at trial, not a predetermined list. *Jimenez*, 732 F.3d at 718. For instance, evidence admitted at trial may include other evidence that was fabricated in connection with the placement of blood on the plaintiff's shoe, and the jury should be permitted to consider it. Further, this specific instruction contradicts Illinois cases about how a malicious prosecution may be commenced.

Plaintiff also objects to the first element because it excludes that a defendant may be liable either for commencing *or continuing* a criminal prosecution against a plaintiff, which Plaintiff includes in his proposed instruction No. 20. The Supreme Court of Illinois recently required in *Beaman* that juries be instructed that an officer commences or continues a criminal proceeding by playing a significant role in causing it. *Beaman v. Freesmeyer*, 131 N.E.3d 488, 498 (2019).

Fourth, Plaintiff objects to the second element because it improperly reiterates the first instruction in its statement "the defendant initiated," when this element is better stated as Plaintiff has stated it in Plaintiff's proposed jury instruction No. 20.

Fifth, Plaintiff objects to Defendants' definition of malice, which is incomplete and inconsistent with Illinois law. Plaintiff's definition is more accurate.

Sixth, Defendants exclude from the Fourth element that Plaintiff's criminal proceeding terminated in his favor in a manner indicative of his innocence as a matter of law. The Defendants are not free to dispute this element given governing Illinois law. It should either be included in the instruction with a statement that it is established as a matter of law, or it should be excluded from the instruction. Plaintiff's Proposed Instruction No. 20 adheres more closely to the elements for state-law malicious prosecution.

31

## SIXTH CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The plaintiff's Sixth Claim is that the defendants intentionally caused him emotional distress.

To succeed on his Sixth Claim, the plaintiff must prove the following against a defendant or defendants by a preponderance of the evidence:

1.     The defendant placed the victim's blood on the plaintiff's shoe.

2.     The conduct of the defendant was extreme or outrageous.

3.     The defendant intended to inflict emotional distress on the plaintiff or knew that there was a high probability that his conduct would cause emotional distress.

4.     The defendant's conduct caused the plaintiff severe emotional distress.

If you find that the plaintiff has proved each of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for the plaintiff and against that defendant or those defendants on the plaintiff's Sixth Claim.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things against a defendant or defendants by a preponderance of the evidence, then you must find for that defendant or those defendants on the plaintiff's Sixth Claim.

**Defendants' Proposed Jury Instruction No. 21**
_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

**Plaintiff's Objection**: Plaintiff objects because Defendants' first element has no basis in Illinois law. Defendants' proposed first element has no basis in the law, and it is too specific in its inclusion of the statement that the jury must find that a particular defendant intentionally fabricated evidence in a particular way in order to be liable for intentional infliction of emotional distress. "[P]lacing the victim's blood on the plaintiff's shoe" is not an element of this claim, and the jury is permitted to consider all of the evidence admitted at trial, not a predetermined list. *Jimenez*, 732 F.3d at 718. The jury should be instructed on the law, not on the facts. Defendants have also cited no legal authority for this instruction. Plaintiff's Proposed Instruction No. 21 adheres more closely to the elements of the state-law claim for intentional infliction of emotional distress.

## SEVENTH CLAIM – CONSPIRACY FOR MALICIOUS PROSECUTION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The plaintiff's Seventh Claim is that the defendants conspired to maliciously prosecute him and intentionally inflict emotional distress on him.

A conspiracy is an agreement to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.

To succeed on his conspiracy claim as to a defendant or defendants, the plaintiff must prove each of the following things by a preponderance of the evidence:

1.    The defendant joined an agreement between himself and another defendant to maliciously prosecute and inflict emotional distress on the plaintiff by placing the victim's blood on the plaintiff's shoe.

2.    The defendant knowingly became a member of the conspiracy with the intention to carry it out.

3.    One or more of the participants to the conspiracy committed an act in an effort to carry out the agreement.

4.    As a result, the plaintiff was maliciously prosecuted and emotional distress was intentionally inflicted on him.

If you find that the plaintiff has proved each of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for the plaintiff and against that defendant or those defendants on the plaintiff's Seventh Claim.

If, on the other hand, you find that the plaintiff has failed to prove any one of these things against a defendant or defendants by a preponderance of the evidence, then you must decide for that defendant or those defendants on the plaintiff's Seventh Claim.

**Defendants' Proposed Jury Instruction No. 22**

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

34

**Plaintiff's Objection**: Plaintiff objects to this instruction on multiple grounds. First, Plaintiff objects because Defendants mischaracterize Plaintiff's Seventh Claim. Plaintiff claims civil conspiracy; Defendants' instruction is unduly specific, including as to the title of this claim. Further, Plaintiff objects that "placing the victim's blood on the plaintiff's shoe" is not an element of this claim, and the jury is permitted to consider all of the evidence admitted at trial, not a predetermined list. *Jimenez*, 732 F.3d at 718.

Plaintiff objects because the first element of this claim does not require that a defendant join an agreement only with other defendants, nor does it require that a defendant agree on express details of the conspiratorial scheme. *See Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("To be liable as a conspirator you must be a voluntary participant in a common venture, although you need not have agreed on the details of the conspiratorial scheme or even know who the other conspirators are. It is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them."); *Fritz v. Johnston*, 209 Ill. 2d 302, 317, 807 N.E.2d 461, 470 (2004) ("The elements of a civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act.") (citations omitted).

Second, Plaintiff objects because the second, third, and fourth elements of the claim as listed by Defendants misstate the applicable law of conspiracy under Illinois law. *See Fritz*, 209 Ill. 2d at 317 (citing elements). Third, Plaintiff objects because Defendants have not identified which of the Defendants are potentially liable for this claim in the instruction: Carlton, Morville, and Ryan. Fourth, Plaintiff objects because Defendants cite no authority to support this instruction whatsoever. Plaintiff's Proposed Instruction No. 22 adheres more closely to the elements of the state-law conspiracy claim based on cited Illinois law.

## CERTIFICATE OF INNOCENCE
### (CONTINGENT ON COURT'S RULING ON MOTION IN *LIMINE*)

You have heard evidence that the plaintiff Charles Palmer was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case.

The State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue of whether the plaintiff's constitutional rights were violated or whether any defendant engaged in any misconduct under state or federal law. The State court was not asked nor did it decide the issue of whether any defendant put William Helmbacher's blood on Charles Palmer's shoe. These are issues for you alone to decide. You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

**Defendants' Proposed Jury Instruction No. 23**
(***Patrick v. City of Chicago***, 974 F.3d 824, 833 (7th Cir. 2020);
***Harris v. City of Chicago***, 2018 U.S. Dist. Lexis 79707 *13 (N.D. Ill.))

_____ Given
_____ Rejected
_____ Withdrawn
_____X_____ Objected to

**Plaintiff's Objection**:  Plaintiff does not object to the first paragraph of the Defendants' proposed instruction; this adheres with the limiting instruction endorsed by the Seventh Circuit:
> You have heard evidence that Plaintiff [] was awarded a Certificate of Innocence in the State court. The State court's decision to issue a Certificate of Innocence is not binding on you in this case.

> The State court decided different issues than those before you when issuing the Certificate of Innocence. The State court was not asked nor did it decide the issue

of whether Plaintiff's constitutional rights were violated or whether the Defendants engaged in any misconduct under state or federal law. . . . These are issues for you alone to decide. You have listened to and heard all the evidence in this case and are to decide this case based on the evidence you heard in this case and this case alone.

*Harris v. City of Chicago*, No. 14 C 4391, 2018 WL 2183992, at *4–5 (N.D. Ill. May 11, 2018); *see also Patrick v. City of Chicago*, 974 F.3d 824, 833 (7th Cir. 2020) (endorsing the "more specific cautionary instruction" in *Harris*).

However, Plaintiff objects to the additions to the cautionary instruction that have been added in the second paragraph in Defendants' Proposed Instruction. The additions are unnecessarily argumentative and not approved by the Seventh Circuit. Defendants' additions are arguments, not the law.

## **DEFENDANTS' PROPOSED VERDICT FORM**

We, the jury, find as follows on the claims of the plaintiff, Charles Palmer, for or against the defendants Amy Waks, Special Administrator, Estate of Timothy Carlton, Roger Morville, and Roger Ryan:

**1.      First claim – violation of due process:**

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Amy Waks, Special Administrator Estate of Timothy Carlton, deceased | _____ | _____ |
| Roger Morville | _____ | _____ |
| Roger Ryan | _____ | _____ |

**Objection:** Plaintiff objects to referring to deceased Defendant Timothy Carlton as "Amy Waks, Special Administrator Estate of Timothy Carlton, deceased." The jury will have heard no evidence about "Amy Waks" and therefore referring to her in the verdict form is misleading and confusing.

**2.      Second claim – Fourth Amendment malicious prosecution:**

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Amy Waks, Special Administrator Estate of Timothy Carlton, deceased | _____ | _____ |
| Roger Morville | _____ | _____ |
| Roger Ryan | _____ | _____ |

**Objection:** Plaintiff objects to referring to deceased Defendant Timothy Carlton as "Amy Waks, Special Administrator Estate of Timothy Carlton, deceased." The jury will have heard no evidence about "Amy Waks" and therefore referring to her in the verdict form is misleading and confusing.

**3.      Third claim – conspiracy to violate constitutional rights:**

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Amy Waks, Special Administrator Estate of Timothy Carlton, deceased | _____ | _____ |
| Roger Morville | _____ | _____ |
| Roger Ryan | _____ | _____ |

**Objections:** Plaintiff objects to referring to deceased Defendant Timothy Carlton as "Amy Waks, Special Administrator Estate of Timothy Carlton, deceased." The jury will have heard no evidence about "Amy Waks" and therefore referring to her in the verdict form is misleading and confusing.

### 4.   Fourth claim – failure of bystander officer to intervene:

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Amy Waks, Special Administrator Estate of Timothy Carlton, deceased | _____ | _____ |
| Roger Morville | _____ | _____ |
| Roger Ryan | _____ | _____ |

**Objection:** Plaintiff objects to referring to deceased Defendant Timothy Carlton as "Amy Waks, Special Administrator Estate of Timothy Carlton, deceased." The jury will have heard no evidence about "Amy Waks" and therefore referring to her in the verdict form is misleading and confusing.

### 5.   Fifth claim – malicious prosecution:

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Amy Waks, Special Administrator Estate of Timothy Carlton, deceased | _____ | _____ |
| Roger Morville | _____ | _____ |
| Roger Ryan | _____ | _____ |

**Objection:** Plaintiff objects to referring to deceased Defendant Timothy Carlton as "Amy Waks, Special Administrator Estate of Timothy Carlton, deceased." The jury will have heard no evidence about "Amy Waks" and therefore referring to her in the verdict form is misleading and confusing.

### 6.   Sixth claim – intentional infliction of emotional distress:

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Amy Waks, Special Administrator Estate of Timothy Carlton, deceased | _____ | _____ |
| Roger Morville | _____ | _____ |
| Roger Ryan | _____ | _____ |

**Objection:** Plaintiff objects to referring to deceased Defendant Timothy Carlton as "Amy Waks, Special Administrator Estate of Timothy Carlton, deceased." The jury will have heard no evidence about "Amy Waks" and therefore referring to her in the verdict form is misleading and confusing.

### 7. Seventh claim –conspiracy to maliciously prosecute and intentionally inflict emotional distress:

| Name of defendant | For plaintiff | For defendant |
|---|---|---|
| Amy Waks, Special Administrator Estate of Timothy Carlton, deceased | _____ | _____ |
| Roger Morville | _____ | _____ |
| Roger Ryan | _____ | _____ |

**Objections:**

1. The title of this claim is inaccurate. The title of the claim is "state law conspiracy," and should be identified as such on the verdict form. *See* Plaintiff's objections to Defendants' proposed jury instruction number 14.
2. Plaintiff objects to referring to deceased Defendant Timothy Carlton as "Amy Waks, Special Administrator Estate of Timothy Carlton, deceased." The jury will have heard no evidence about "Amy Waks" and therefore referring to her in the verdict form is misleading and confusing.

## Compensatory Damages

We, the jury, award the plaintiff, Charles Palmer, compensatory damages in the amount of

$ _____.  (If the jury finds in favor of the defendants on all claims, the damages

awarded should be $0).

## Punitive Damages[1]

We, the jury, award the plaintiff,  Charles Palmer, punitive damages against **Roger**

**Morville** in the amount of $ _____.

We, the jury, award the plaintiff,  Charles Palmer, punitive damages against **Roger Ryan**

in the amount of $ _____.

_____

[1] Whether punitive damages should be included on the verdict form is contingent on this Court's rulings on whether punitive damages can or should be awarded in this case.

**Objection:** Punitive damages are available against Defendants Ryan and Morville. *Smith v. Wade*, 461 U.S. 30, 34-35 (1983). Defendants have cited no authority suggesting punitive damages are not available against these defendants.

**Please sign and date the form below:**

_____          _____
Presiding juror

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

RESPECTFULLY SUBMITTED,

**CHARLES PALMER**

BY:    /s/ Rachel Brady
          *One of Plaintiff's Attorneys*

Jon Loevy
Steve Art
Rachel Brady
Renee Spence
**LOEVY & LOEVY**
311 N. Aberdeen, Third Floor
Chicago, IL 60607
brady@loevy.com