# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| CHARLES PALMER, | |
| Plaintiff, | |
| v. | No. 17-cv-3268 |
| CITY OF DECATUR, AMY M. WAKS, as Special Representative of the ESTATE of TIM CARLTON, ROGER RYAN, BRIAN BELL, ROGER MORVILLE, MICHAEL APPLEGATE, FRANK HUBBARD, JOE PATTON, JEREMY WELKER, STEVE CHABAK, and as-yet UNKNOWN OFFICERS OF THE DECATUR POLICE DEPARTMENT, | Judge Colin S. Bruce  Magistrate Judge Eric I. Long |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL WITNESSES

On May 9, 2025, plaintiff filed his objections to some of defendants' trial witnesses, explaining reasons why he opposes the testimony. Defendants respond to those objections herein.

1. Defendant Tim Carlton

Tim Carlton passed away without giving a deposition in this case. The defendants would offer his testimony from the plaintiff's criminal trial under Federal Rule of Evidence 804(b)(1), which allows for the introduction of an unavailable witness's prior testimony offered against a party that had an opportunity and motive to challenge the testimony in the prior proceeding.

Carlton was vigorously cross-examined by the plaintiff's defense attorney at that trial. (Attached as Exhibit #1 hereto is the testimony that Carlton gave at the criminal trial). Unless the prior cross-examination is merely perfunctory, the opportunity to actually cross-examine a witness in the prior proceeding is almost prima facie sufficient to establish opportunity and motive under

Rule 804. *United States v. Burge*, 2009 U.S. Dist. LEXIS 34657 *20-21 (N.D. Ill.) Nevertheless, plaintiff objects arguing that he did not have the same motive and opportunity to develop Carlton's testimony at his criminal trial, as he would have today, in the civil case. He argues that had defendants alleged misconduct been fully developed regarding DNA evidence, he would have had a fuller opportunity and motive to cross-examine Carlton today.

Plaintiff's argument has been soundly rejected. Palmer was fighting for his freedom at the trial, and the cross-examination of Carlton certainly met the Rule 804 standard. The claim that alleged misconduct that has surfaced since then does not change that result. The test under Rule 804(b)(1) does not look at the content, but the situation in which the cross-examination took place. The Seventh Circuit has noted that "when considering whether this requirement has been met, courts look to the similarity of issues and the purpose for which the testimony was given." *United States v. Reed*, 227 F.3d 763, 768 (7th Cir. 2000). The contention that a deceased defendant police officer's cross-examination at a criminal trial did not meet the requirements of Federal Rule 804(b)(1) because of later developed theories, has been specifically overruled. *Gray v. City of Chicago*, 2023 WL 70929992, *6 (N.D. Ill.) (Prior testimony of deceased defendant officer admitted over plaintiff's objection that he was "unaware of their alleged misconduct at the time of the prior testimony, so he had no adequate opportunity to cross-examine them"); *Horton v. City of Rockford*, 18-cv-06829 (Order of 12-30-24, N.D. Ill.) Plaintiff's motive at the criminal trial to cross-examine Carlton is the same as at this civil trial. That in itself is sufficient to satisfy Rule 804(b). *See United States v. McClellan*, 868 F2d 210, 215 (7th Cir. 1989); *Volland–Golden v. City of Chicago*, 89 F.Supp.3d 983, 991 (N.D. Ill. 2015).

Plaintiff's citations do not help him. In fact, *United States v. Burge* supports the defendants' position. In *Burge*, the government, prosecuting the defendant Burge for abuse of arrestees, offered

the testimony of Andrew Wilson given during his civil trial as a plaintiff, in which he alleged Burge had inflicted injuries on him while in custody. The government offered Wilson's testimony from his civil trial in its prosecution of Burge, to which Burge objected, alleging that Wilson's invocation of his Fifth Amendment rights at his civil trial prohibited sufficient cross-examination on those points. Nevertheless, Wilson was cross-examined, and the court found Wilson's prior trial testimony was admissible despite the inability to cross-examine him on the questions on which he claimed privilege.

*United States v. Feldman* does not support plaintiff either. In *Feldman*, the court found that a deposition taken in an earlier civil proceeding was inadmissible in the defendant's subsequent criminal prosecution, because it violated his right to confront witnesses under the Sixth Amendment. There was no one present at that deposition with any motive to cross-examine the witness against the defendant on any of the issues on which the criminal prosecution was based. As a result, opportunity and motive did not exist. In *Pizzaro*, the court chiefly focused on whether failure to appear because of a death threat made the witness unavailable, but nevertheless found the prior testimony admissible because the opportunity and motive existed.

The cross-examination of Carlton at the criminal trial was designed to attack his credibility and the believability of his testimony, including the issue of whether Carlton, or anyone else, had placed blood on the plaintiff's shoe. Where a cross-examination has been conducted under circumstances like the one at issue, courts have always found it sufficient under Rule 804(b)(1), and plaintiff cites no contrary authority.

Plaintiff argues that defendants have not designated parts of Carlton's testimony, and requests they be required to do. The defendants submit that they will introduce the entire testimony

of Carlton. The context, the substance and the cross-examination are all necessary for an adequate understanding by the jury of Carlton's testimony.

2. Third-Party Witness Gwen Tucker

Tucker is unavailable, and gave a prior deposition. Plaintiff again raises a question about lack of designation. Attached as Exhibit #2 is Tucker's deposition testimony. The defendants will offer the entire direct examination. By the rule of completeness plaintiff certainly has the ability to offer the cross-examination as well.

3. Third-Party Witness Robert Martin

The same objection to Martin's testimony is raised in support of the attack on Carlton's testimony. The objection is equally inapposite as to Martin. Certainly, plaintiff had the same opportunity to cross-examine Martin as he did of Carlton, with the same motive, to attack his credibility and undermine his story. Plaintiff's objection to Martin is without merit. The defendants will designate all of Martin's direct testimony at the plaintiff's criminal trial. Certainly, plaintiff may offer his cross-examination as a counter. Martin's testimony is attached as Exhibit # 3.

4. Third-Party Witness Ray Taylor

Plaintiff object to Taylor, first contending he is not available. The Court has witnessed Ray Taylor's prior deposition testimony first hand, and can discern from it Taylor has very little memory of the issues that are to be questioned at the trial, which potentially makes his prior testimony admissible under Rule 804(a)(3). Plaintiff has stated he will call Taylor at trial. Defendants can only guess at this point what Taylor will remember or not remember, or have his memory refreshed. Defendants can only make their designation after Taylor testifies. Nevertheless, defendants will make their best estimate, based on Taylor's deposition, to designate, and request until May 21, 2025, to do so.

5. <u>Third-Party Witness Michael Calloway</u>

Plaintiff alleges Calloway is not unavailable. It is the defendants' understanding that Mr. Calloway is elderly and infirm, and has no memory of the events on which he testified at the criminal case. Defendants designate his entire testimony, and by the time of trial will provide evidence of his unavailability. Attached as Exhibit #4 is Michael Calloway's trial testimony.

6. <u>Third-Party Witness Sherry Allen</u>

Defendants withdraw this designation.

7. <u>Travis Hindman</u>

Travis Hindman is not available. He is 90-years old, in very poor health and under the care of his son, Jefferey Hindman. Five years ago, Travis Hindman provided a declaration to the plaintiff that he had no independent memory of the case, and could only testify about his report. As a result, Hindman is not available. Defendants would offer Hindman's entire testimony, which is necessary for a full understanding of his findings in the case. Attached as Exhibit #5 is Travis Hindman's trial testimony. Attached as Exhibit #6 is Travis Hindman's Declaration.

8. <u>Non-Report Writing Experts</u>

The Court has already addressed these questions in the motions in limine, and defendants will certainly abide by the rulings in that order.

By: /s/ *Thomas G. DiCianni*
One of the Attorneys for Defendants
City of Decatur, Roger Ryan, and Roger Morville

Thomas G. DiCianni / ARDC # 3127041
tdicianni@ancelglink.com
Kathleen M. Kunkle / ARDC # 6281796
kkunkle@ancelglink.com
Daiana R. Man / ARDC # 6336314
dman@ancelglink.com

5

ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax

By: /s/ Jerrold H. Stocks
One of the Attorneys for Defendant, Estate of Tim Carlton
Jerrold H. Stocks/ARDC #6201986
jstocks@decatur.legal
Ross J. Munsterman / ARDC #6324391
rmunsterman@decatur.legal
101 S. State Street / Suite 240
Decatur, IL 62523
(217) 429-4453/(217)425-8892 Fax

## CERTIFICATE OF SERVICE

I, Thomas G. DiCianni, an attorney, certify that on May 16, 2025, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' TRIAL WITNESSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Steven Edwards Art / steve@loevy.com
Jonathan I Loevy / jon@loevy.com
Rachel Elaine Brady / brady@loevy.com
Renee Spence / spence@loevy.com
Samantha Hamilton / samhamilton@loevy.com
Margaret Gould / gould@loevy.com


Jerrold H. Stocks / jstocks@decatur.legal
Ross J. Munsterman / rmunsterman@decatur.legal


/s/ *Thomas G. DiCianni*